The PEOPLE of the State of Colorado, Complainant,

v.

Ronald James COCA, Attorney-Respondent.

No. 86SA436.

Supreme Court of Colorado.

Feb. 17, 1987.

---

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

ROVIRA, Justice.

A complaint was filed with the Supreme Court Grievance Committee charging the respondent, Ronald James Coca, with professional misconduct and failing to respond to the request for investigation. The allegations of professional misconduct center on the respondent's neglect of his clients' affairs and the abandonment of his law practice. The respondent failed to file an answer to the complaint even though service of process had been accomplished pursuant to C.R.C.P. 241.25(b). After his failure to respond, the Disciplinary Prosecutor moved for entry of default, which was granted. Subsequently, the respondent was notified that a default hearing was scheduled for July 18, 1986. The respondent failed to appear in person or by counsel, and the Hearing Board (Board) of the Grievance Committee proceeded with the hearing as scheduled. The Board made findings of fact with respect to the allegations of the complaint and entered conclusions of law predicated on those findings.

Count one of the complaint related to the respondent's representation of the brothers, Richard and Jack Garcia. The Board found that Richard Garcia had been charged with several offenses in the Otero County Court, and because of his failure to appear, a bench warrant was issued for his arrest. Jack Garcia had been charged with several driving offenses and entered into a plea agreement. Subsequently, he violated the conditions of the agreement, and a warrant was issued for his arrest.

In January 1985, both Richard and Jack Garcia were arrested. They posted cash bonds and retained the respondent to represent them. They gave the respondent $1,200. Respondent entered his appearance and arranged for the cash bonds to be released. That amount, $1,258, was then paid to the respondent as an additional fee.

Jack Garcia's case was set for trial on April 18, 1985, but the respondent did not appear. Efforts to contact respondent were unsuccessful, and the trial was continued until May 7, 1985. On May 13, the respondent called the court and reset the trial for May 30. At that time, the matter went to trial, and Jack Garcia was found guilty.

Sentencing was set for June 10, 1985, and again the respondent did not appear. His client was fined, sentenced to 40 days in jail with 35 of those days being suspended, and ordered to pay costs.

The Board also found that the district attorney dismissed some of the charges against Richard Garcia on June 11, 1985, but that the respondent had nothing to do with the dismissal of those charges. However, in the case where Richard was charged with reckless endangerment and the case was set for trial, respondent failed to appear on the trial date. As a result of the respondent's acts, Richard was instructed by the court to obtain new counsel. He was eventually represented by the Public Defender's Office, and a plea agreement was entered into in December 1985.

The Board also found that the respondent has moved to California, failed to respond to the inquiries of his clients, failed to respond to a request for investigation by the Grievance Committee, and refused to participate in the disciplinary proceedings.

The Board concluded that the respondent abandoned his law practice and the clients whose defense he undertook, and his actions constituted professional misconduct in the following particulars: engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of DR 1-102(A)(4); conduct adversely reflecting on his fitness to practice law in violation of

**642**

DR 1–102(A)(6); charging or collecting a clearly excessive fee in violation of DR 2–106(A); failure to seek the lawful objectives of his client in violation of DR 7–101(A)(1); failure to account to his client for fees and failure to return funds to which the client is entitled in violation of DR 9–102(B)(3) and (4).

Taking notice that on January 27, 1986, the respondent had been suspended from the practice of law for one year and one day, *People v. Coca*, 716 P.2d 1073 (Colo. 1986), and the general pattern of misconduct evidenced in that proceeding as well as the present proceeding, the Board recommended that the respondent be disbarred. The Hearing Panel concurred and so do we.

The professional misconduct to which the respondent stipulated in *People v. Coca*, and that found by the Board in the present case, reflects a pattern of conduct on the part of the respondent which clearly establishes his unfitness to practice law. The severe sanction of disbarment is warranted and is commensurate with the extent of the respondent's violation of his professional responsibilities.

Accordingly, it is ordered that the respondent, Ronald James Coca, be disbarred from the practice of law. The respondent shall pay the costs of this proceeding in the amount of $203.97 to the Colorado Supreme Court Grievance Committee, 600 17th Street, No. 500–S, Denver, Colorado 80202, within thirty days from the date of this opinion.