The PEOPLE of the State of Colorado, Complainant,

v.

Jose Gregorio QUINTANA, Attorney–Respondent.

No. 87SA376.

Supreme Court of Colorado, En Banc.

March 14, 1988.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

Jose Gregorio Quintana, pro se.

ROVIRA, Justice.

In this disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee recommended that respondent Jose Gregorio Quintana be disbarred, that he be ordered to pay the costs of the proceedings, and to make restitution. The recommendation was based on several incidents of professional misconduct relating to three of the respondent's clients in violation of DR6–101(A)(2)–(3), DR7–101(A)(1)–(3), DR9–102(B)(3)–(4), and DR1–102(A)(1) and (4) of the Code of Professional Responsibility, and Rule 241.6 of the Colorado Rules of Civil Procedure. We agree that disbarment is the appropriate discipline for the respondent's professional misconduct, and order that he be disbarred, pay the costs of these proceedings, and make restitution.

I.

The respondent was admitted to the bar of the Supreme Court of the State of Colo-

rado in 1980, and is subject to the jurisdiction of this court and its Grievance Committee.

In January 1987, a formal complaint was filed against the respondent with the Grievance Committee alleging that he had been retained by Kathy Caprisecca (Robins) and paid $250 to represent her in a dissolution of marriage proceeding. At the final hearing on November 12, 1985, Mr. Caprisecca did not appear in person or by counsel. The court awarded Mrs. Caprisecca custody of the minor child and ordered her husband to pay $250 per month child support. The court ordered respondent to prepare written findings and file them within fifteen days. The complaint stated that respondent has never filed the written findings required by the court, and as a result his client suffered the loss of child support benefits for more than one year. It also alleged that respondent has not refunded any unearned portion of his fee to Mrs. Caprisecca. This complaint was assigned Case No. GC 87B–11.

The respondent, represented by counsel, filed an answer in which he denied the material allegations of the complaint, and claimed that a written order of the court was entered on November 14, 1985, entitling Mrs. Caprisecca to collect child support. He also stated by way of affirmative defenses that Mrs. Caprisecca had, in August 1986, assigned her rights to receive child support to the Adams County Department of Social Services, and any acts on his part which were not in compliance with the Code of Professional Responsibility were not intentional but the result of serious personal and emotional problems.

In April 1987, another complaint was filed against the respondent with the Grievance Committee and assigned Case No. GC 87B–46. In count one it alleged that in 1983 and 1984 the respondent represented Arthur R. Vargas in a dissolution of marriage proceeding. The decree and permanent orders were entered on March 19, 1984. The court ordered that the marital home be sold, the proceeds placed in respondent's trust account, and that respondent divide the proceeds equally between Mr. and Mrs. Vargas. The respondent received $8,033.80 in August 1984, and forwarded one-half of that amount to Mrs. Vargas in October 1984, but only after receiving two written requests from Mrs. Vargas's attorney. He thereafter paid bills of Mr. Vargas in the amount of $1,394.73, paid himself $875 for attorney fees, and, despite repeated requests by his client, never provided an accounting, and failed to give the remaining $1,747.17 to Mr. Vargas.

Count two of the complaint alleged that in October 1985, Cathy Villa paid the respondent $35 to commence nonsupport proceedings against her ex-husband. The respondent sent a letter to Mr. Villa demanding payment within ten days; he did not reply. Five months later Mrs. Villa gave respondent $50 to file a court action against her ex-husband. In June 1986, Mrs. Villa paid respondent an additional $200 to prepare for a hearing he told her was set for August 5, 1986. Respondent also advised her that she need not be present. A few days later respondent advised his client that Mr. Villa had failed to appear and he would discuss a bench warrant with the judge. The complaint also alleged that there had never been a hearing, respondent had done nothing for his client subsequent to the letter he wrote to Mr. Villa, and respondent admitted to the Grievance Committee investigator that he lied to Mrs. Villa. The complaint concluded by stating that Mrs. Villa sent respondent a letter demanding a refund of her $285 but her letter was returned "unclaimed" and respondent told the Grievance Committee investigator that he would return $250 to Mrs. Villa, but he has not done so.

After service of the complaint the respondent failed to file an answer. The motion for default filed by the disciplinary prosecutor was granted and, accordingly, all of the allegations of the complaint were deemed admitted. *See* C.R.C.P. 241.13(b). A motion to consolidate the first case, GC

87B–11, with the second case, GC 87B–46, was granted and both cases were set for hearing on July 31, 1987.

Three months prior to the date of hearing, respondent's counsel was granted leave to withdraw on the basis that the respondent had failed to cooperate with him to such an extent that it was impossible for him to represent respondent properly.

On the hearing date respondent failed to appear personally or by counsel. In case GC 87B–11, the disciplinary prosecutor presented Kathy Caprisecca (Robins) as a witness and Exhibit A, which was a certified copy of the dissolution of marriage file of *Caprisecca v. Caprisecca* from the Denver District Court.

After considering the evidence, the hearing board concluded that respondent's conduct violated DR6–101(A)(2) (handling a legal matter without adequate preparation) and DR6–101(A)(3) (neglect). It also held that respondent's failure to prepare the order violated DR7–101(A)(1) (intentional failure to seek the lawful objectives of the client). Also, since Mrs. Caprisecca had informed respondent that she wanted a dissolution of marriage and child support, and paid him to represent her, his failure to obtain an enforceable order violated DR7–101(A)(2) (intentional failure to carry out a contract of employment). The hearing board concluded that Mrs. Caprisecca had been damaged by not receiving child support payments and prejudiced in that she could not obtain support payments without retaining other counsel to obtain a valid court order and commence an arrearages action against her former husband, resulting in a violation of DR7–101(A)(3) (intentional prejudice or damage to a client). Finally, the board determined that respondent, by failing to refund any portion of the fee paid to him, violated DR9–102(B)(4) (a lawyer shall promptly pay or deliver to the client funds the client is entitled to receive).

In case 87B–46, the hearing board found that due to the order of default all of the material allegations of the complaint were deemed admitted. As to count one, it concluded that respondent's failure to forward the $1,747.17 to Vargas, failure to provide an accounting of the sale proceeds, and failure to place the funds in a trust account violated DR1–102(A)(4) (conduct including dishonesty, fraud, or deceit), DR7–101(A)(3) and DR9–102(B)(3)–(4) (a lawyer shall maintain records of client funds and render appropriate accounts, a lawyer shall promptly pay or deliver to the client funds the client is entitled to receive).

With reference to count two, the hearing board determined that respondent's act of lying to his client, failing to file an action and obtain the funds his client was entitled to receive, and failing to refund a portion of the fees paid to him violated DR1–102(A)(4), DR6–101(A)(3), DR7–101(A)(3), and DR9–102(B)(4). It also concluded that respondent's conduct violated C.R.C.P. 241.6.

The hearing board found that the respondent's conduct exhibited a pattern of dishonesty, misrepresentation, neglect, and omissions which resulted in damage to all the complaining witnesses. Balancing the only mitigating factor, no prior record of discipline, against the aggravating factors, *see ABA Standards for Imposing Lawyer Sanctions* §§ 9.2 to 9.3 (1986), the board recommended that the respondent be disbarred, be ordered to pay the costs of the proceedings, and be ordered to pay restitution to Caprisecca in the amount of $250 plus interest, to Vargas in the amount of $1,747.17 plus interest, and to Cathy Villa in the amount of $285 plus interest. The board also recommended that respondent not be readmitted until restitution has been paid. No exceptions were filed by the respondent. The hearing panel approved the findings, conclusions, and recommendation of the board.

## II.

Our examination of the limited record in this case leads us to conclude that the recommendation of disbarment is warrant-

ed. The facts alleged in the complaints, and as established at the hearing, are uncontested. Respondent failed to appear at the hearing and has not, subsequent to that time, provided us with any reason not to adopt the findings, conclusions, and recommendations approved by the hearing panel.

Section 4.11 of the *ABA Standards for Imposing Lawyer Sanctions* (1986) provides that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury to a client. Sections 4.41(b) and 4.61 provide that disbarment is generally appropriate when a lawyer "knowingly fails to perform services for a client and causes serious ... injury to a client" and "knowingly deceives a client with the intent to benefit the lawyer...." Here, the harm caused by the respondent is self-evident. By failing to perform legal services for his clients thereby causing serious or potentially serious injury to them and by converting client funds, the respondent has demonstrated that lack of integrity, competence, and judgment which warrants disbarment.

Accordingly, it is ordered that the respondent be disbarred from the practice of law effective as of the date of this opinion,[1] and that his name be stricken from the roll of attorneys licensed to practice in this state. It is further ordered that respondent pay restitution to: (1) Kathy Caprisecca Robins in the amount of $250 plus interest from November 12, 1985, the date of the hearing in her case for which respondent never prepared an order; (2) Arthur R. Vargas in the amount of $1,747.17 plus interest from August 31, 1984, the end of the month in which respondent received the total of the proceeds from the sale of the property; and (3) Cathy Villa in the amount of $285 plus interest from June 26, 1986, the date Villa paid respondent an additional $200 in fees. All interest is to be calculated at the statutory rate. Further, it is ordered that the Respondent will not be

considered for readmission unless restitution has been paid in full, and that he pay the costs of these proceedings in the amount of $356.10 within thirty days of the date of this order to the Supreme Court Grievance Committee, Dominion Plaza, Suite 500–S, 600 Seventeenth Street, Denver, Colorado 80202–5435.

---

1. In another proceeding, No. 87SA119, the respondent had been indefinitely suspended by order of the Colorado Supreme Court, effective August 14, 1987. Accordingly, there is no neces-

sity to provide him with thirty days to wind up or complete any matters pending on the date of this opinion. *See* C.R.C.P. 241.21(a).