The PEOPLE of the State of
Colorado, Complainant,

v.

Harry V. KENGLE,
Attorney–Respondent.

No. 89SA11.

Supreme Court of Colorado,
En Banc.

April 10, 1989.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

No appearance for respondent.

LOHR, Justice.

This is a disciplinary proceeding concerning the professional misconduct of respondent Harry V. Kengle in the practice of law. The Supreme Court Grievance Committee has recommended that the respondent be disbarred based upon findings and conclusions that he has engaged in acts involving dishonesty, fraud, deceit or misrepresentation; neglect of a legal matter entrusted to him; failure to deliver funds and other property of a client promptly as requested; failure to refund promptly the unearned part of a fee; and failure to respond to requests by the Grievance Committee without good cause. The Grievance Committee also has recommended that the respondent be ordered to pay restitution to three of his former clients and that he be assessed the costs of these proceedings. We adopt the findings and conclusions of the Grievance Committee, and we agree that the respondent should be disbarred, should make restitution to his former clients as detailed in this opinion and should pay the costs of this action.

I.

Respondent Harry V. Kengle was admitted to the Bar of the State of Colorado in 1971 and is registered as an attorney on the records of this court. He is therefore subject to the jurisdiction of this court and of the Grievance Committee in all matters relating to the practice of law. C.R.C.P. 241.1(b).

The disciplinary counsel filed a formal complaint against the respondent charging him with six counts of professional misconduct. He failed to file an answer to the complaint, and a default was entered against him. As a consequence, the complaint was deemed admitted. *See* C.R.C.P. 241.13(b). Thereafter, a hearing was held before a hearing board of the Grievance Committee to determine the discipline to be imposed. *See id.*

The respondent did not appear at the hearing but testified and otherwise participated by telephone. In that testimony the respondent admitted that most of the averments in the complaint were true. The hearing board considered the admitted allegations in the complaint together with the additional evidence presented at the hearing and issued written findings and conclusions. The hearing board recommended that the respondent be disbarred, that he be ordered to pay restitution of $500 to Carlos L. Neuben, $550 to Wallace Braun and $75 to Richard Bock and that he be

assessed the costs of these disciplinary proceedings. A hearing panel approved the findings, conclusions and recommendations of the hearing board. We now adopt these findings and conclusions, and we also adopt the recommendations that the respondent be disbarred for his professional misconduct, be directed to make restitution together with interest at the legal rate from the date of issuance of this opinion, and be assessed the costs of these grievance proceedings.[1]

## II.

The misconduct at issue in these proceedings involves the respondent's representation of three clients, Carlos L. Neuben, Wallace Braun, and Richard Bock, and his failure to respond to the Grievance Committee's requests for investigation in connection with each of these three matters. We summarize the findings of the Grievance Committee.

### A. *Carlos L. Neuben*

In August of 1984 the respondent agreed to represent Carlos L. Neuben on a claim for wages and other compensation. After receiving $500 as a retainer from Neuben, the respondent agreed in November 1984 to file suit immediately. Early in 1985 the respondent advised Neuben that he had filed the case. The respondent also told Neuben that the defendant had been granted several continuances. All of these representations were false, for the respondent did not file suit until December 1986 and never obtained service on the defendant.

The respondent also agreed to represent Neuben in foreclosing a deed of trust. In August 1986 the respondent wrote a short demand letter and later advised Neuben that the debtor was trying to "sell the note" secured by the deed of trust so the respondent did not wish to proceed further with the foreclosure.[2]

In the spring of 1987 Neuben tried unsuccessfully on numerous occasions to contact the respondent concerning the two matters. Eventually, Neuben engaged new counsel who sought unsuccessfully to obtain the return of Neuben's files and retainer fee from the respondent. The new counsel proceeded with the foreclosure but was unable to take action on the wages and compensation matter because the respondent has not returned key evidence in support of that claim.

The Grievance Committee mailed a request for investigation filed by Neuben to the respondent, who received it on May 21, 1987. On June 19, 1987, the Grievance Committee staff notified the respondent that his answer was overdue and that failure to respond could itself result in discipline. The respondent did not reply to the request for investigation.

The Grievance Committee concluded that the respondent's conduct in the Neuben matter involved dishonesty, fraud, deceit or misrepresentation in violation of DR 1–102(A)(4) [ABA Model Rules of Professional Conduct, Rule 8.4(c) (1983) ], and that his conduct in the foreclosure proceedings con-

---

1. The Grievance Committee did not recommend payment of statutory interest as part of the restitution required of the respondent. We have previously required restitution plus interest at the statutory rate as a condition for reinstatement. *E.g., People v. Quintana,* 752 P.2d 1059, 1062 (Colo.1988); *People v. Martinez,* 739 P.2d 838, 845 (Colo.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 1003, 98 L.Ed.2d 970 (1988); *People v. Young,* 673 P.2d 1003, 1005 (Colo.1984). Under C.R.C.P. 241.22(a), this court has the authority to place appropriate conditions, through disciplinary orders, on a disbarred lawyer's eligibility for readmission to the Bar of the State of Colorado. Furthermore, the Grievance Committee's disciplinary recommendation is advisory only and not binding on this court. *People v. Grenemyer,* 745 P.2d 1027, 1029 (Colo.1987).

This court's role is to make an independent decision regarding the appropriate discipline to be imposed. *Id.* We conclude in this instance that the appropriate discipline includes restitution to the three named clients in the amounts recommended by the Grievance Committee. Additionally, this restitution must include interest at the legal rate as outlined in the text of this opinion. We elect to require interest from the date of issuance of this opinion in the absence of findings as to the precise dates that the moneys should have been repaid.

2. Although this explanation by the respondent is illogical because Neuben was the holder of the note, the findings shed no further light on the matter.

stituted neglect in violation of DR 6–101(A)(3) [ABA Model Rule 1.3] and failure to deliver funds and other property of the client promptly as requested in violation of DR 9–102(B)(4) [ABA Model Rule 1.15(b)]. The Grievance Committee also concluded that the respondent violated C.R.C.P. 241.-6(7) by neglecting to respond to the request for investigation without good cause after having been advised that such failure in itself could result in discipline.

## B. *Wallace Braun*

On March 20, 1986, Wallace Braun engaged the respondent to represent him in a dispute concerning a joint venture and paid the respondent $350 by check as a retainer. Braun told the respondent that he had entered into a joint venture agreement with another individual to purchase trucks, resell them, and divide the profits. According to Braun, he had contributed $21,000 for the purchase of the trucks and had advanced an additional $10,000 to the joint venture as a loan. He stated that the other joint venturer had paid only $800 as a down payment on the trucks and had kept the rest of the money advanced by Braun. Braun urged prompt action because he thought it likely that the joint venturer would take the trucks and leave the jurisdiction. The respondent agreed to file suit immediately.

The respondent cashed Braun's $350 check promptly, and on April 18, 1986, filed suit and obtained service on the defendant. On May 9, 1986, the respondent requested and received an additional $200 from Braun for costs and fees in connection with an anticipated deposition of the defendant. After the May 24 date scheduled for the deposition had passed, the respondent told Braun that the defendant needed more time to prepare and that the deposition had been postponed. The deposition was never taken and the respondent took no further action on the case.

On June 18, 1986, Braun terminated his attorney-client relationship with the respon-

dent and obtained the return of his file. Braun and the respondent discussed a refund of the amounts advanced, and the respondent admitted that a $100 refund would be appropriate while Braun contended that $200 should be repaid. The respondent made no refund, and late in 1986 Braun wrote to the respondent and requested an accounting and a refund. The respondent did not answer. With the assistance of new counsel, Braun achieved a stipulated judgment against the defendant on the joint venture matter. The defendant has moved to Missouri, however, and Braun may not be able to collect on the judgment.[3]

On April 13, 1987, after Braun filed his request for investigation, the Grievance Committee wrote to the respondent requesting more information, and then wrote again on May 14, 1987. The respondent did not reply, so the Grievance Committee sent the request for investigation to the respondent on June 11, 1987. Receiving no answer, the Grievance Committee advised the respondent on July 7, 1987, that his answer was overdue and that failure to respond could in itself result in discipline. The respondent never replied.

The Grievance Committee concluded that the respondent's conduct in the Braun matter constituted failure to refund promptly the unearned part of a fee in violation of DR 2–110(A)(3) [ABA Model Rule 1.16(d)], and neglect in violation of DR 6–101(A)(3) [ABA Model Rule 1.3]. The Grievance Committee also concluded that the respondent had failed to respond to a request by the Grievance Committee without good cause in violation of C.R.C.P. 241.6(7).

## C. *Richard Bock*

In April 1986 Richard Bock engaged the respondent to represent him on a contingent fee basis in a personal injury action arising from a skiing accident. In May 1986 Bock provided the respondent with a $75 check for the costs of filing suit, and in the first week of June the respondent told

**3.** The findings state that "[a]s of the date the complaint was filed in this case, [the judgment] appeared to the Disciplinary Prosecutor to be uncollectible as [the defendant] had relocated to the State of Missouri."

Bock that he had filed the case. Bock contacted the respondent frequently during the summer and fall of 1986 to learn of the progress of the action. The respondent told Bock that he was negotiating for a settlement and offered various excuses for failing to supply Bock with requested information and documentation. In November the respondent admitted to Bock that he had never filed the lawsuit and had used the $75 for personal expenses.

Bock agreed to give the respondent another chance and the respondent agreed to proceed promptly. Late in November the respondent told Bock that the lawsuit had been filed. From this point forward the respondent represented to Bock on numerous occasions that the lawsuit was proceeding in a proper manner but was never able to supply specific information and documentation when requested by Bock. In mid–1987 Bock called the court where the suit was to have been filed and learned that the pleadings had never been filed but instead had been returned to the respondent because the $75 tendered as a filing fee was short of the $76 required. The court clerk advised Bock that the pleadings had been returned only after several efforts to notify the respondent of the shortage in the filing fee and to obtain the additional amount required. These efforts included both letters and telephone calls.

Bock confronted the respondent with this information, and the respondent admitted that he had used the $75 for personal expenses and was having difficulty producing the sum necessary for the filing fee. On June 2, 1987, Bock wrote the respondent terminating his services. The respondent promised to return the $75 but has never done so.

The Grievance Committee concluded that the respondent's conduct in the Bock matter involved dishonesty, fraud, deceit or misrepresentation in violation of DR 1–102(A)(4) [ABA Model Rule 8.4(c) ], and neglect in violation of DR 6–101(A)(3) [ABA Model Rule 1.3]. The Grievance Committee also concluded that the respondent had failed without good cause to respond to a request by the Grievance Committee in vio-lation of C.R.C.P. 241.6(7) because he neglected to respond to the request for investigation in this matter after having been notified that such a failure could itself result in discipline.

### D. *General Conclusions*

In addition to the numerous specific violations of the Code of Professional Responsibility arising out of the respondent's dealings with these three clients, the hearing board concluded that by the same misconduct the respondent had violated both DR 1–102(A)(1) [ABA Model Rule 8.4(a) ] (violating a disciplinary rule) and C.R.C.P. 241.6 (misconduct by a lawyer constituting grounds for discipline). Therefore, grounds for discipline exist under C.R.C.P. 241.6(1) (any act or omission that violates the provisions of the Code of Professional Responsibility) and C.R.C.P. 241.6(2) (any act or omission that violates accepted rules or standards of legal ethics).

### III.

In arriving at its disbarment recommendation, the hearing board noted that the respondent had a record of prior discipline. This record consisted of an October 1975 letter of admonition for neglect and other misconduct, a private censure in November 1982 for neglect in eight different matters and other misconduct, and a letter of admonition in September 1985 for conduct prejudicial to the administration of justice and conduct adversely reflecting on the respondent's fitness to practice law.

The hearing board reviewed the relevant ABA Standards for Imposing Lawyer Sanctions (1986) (ABA Standards). Standard 4.11 recommends disbarment when a lawyer knowingly converts client property and causes injury or potential injury to a client as was the case here in the Braun and Bock matters. Furthermore, Standard 4.12 recommends suspension when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client as was the case here in the failure to refund the $500 advanced by Neuben and the failure to deliver Neuben's evidence to successor counsel.

The board also noted that ABA Standard 4.41(b) recommends disbarment when a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client. The Board concluded that this standard applied to the respondent's neglect in the Neuben matter and further found that serious injury had been caused to Neuben by the respondent's failure to return the evidence needed by successor counsel to pursue the wages claim that the respondent had neglected.

The Board next noted that ABA Standard 4.41(c) recommends disbarment when a client engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client. The Board concluded that Standard 4.41(c) was applicable to the respondent's neglect in the Braun matter because Braun ultimately received a judgment that apparently cannot be collected, and that Standard 4.41(c) also was applicable in the Bock matter because the personal injury case had not been filed as of the time disciplinary proceedings were initiated. The Board then considered ABA Standard 4.62, recommending suspension of a lawyer who knowingly deceives a client and causes injury or potential injury to a client, and Standard 4.61, recommending disbarment when a lawyer knowingly deceives a client with the intent to benefit the lawyer. It noted, however, that there was no evidence that the respondent intended to benefit himself in the matters involving misrepresentations to Neuben and Bock about the status of their cases.

Lastly, the Board reviewed ABA Standard 9.0 setting forth relevant factors of aggravation and mitigation. The Board found as aggravating factors the existence of prior disciplinary offenses, Standard 9.22(a), a pattern of misconduct, Standard 9.22(c), multiple offenses, Standard 9.22(d), and bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, Standard 9.22(e). The respondent testified that alcoholism had contributed to his misconduct and that he had been engaged in a treatment and follow-up program including attendance at Alcoholics Anonymous. Based on this testimony, the hearing board found that mitigating factors included personal or emotional problems, Standard 9.32(c), and physical or mental disability or impairment, Standard 9.32(h).

The hearing board considered all these matters and concluded that the aggravating factors substantially outweighed the mitigating factors and therefore recommended that the respondent be disbarred, that he be ordered to pay restitution in the amount of $500 to Neuben, $550 to Braun, and $75 to Bock and that he be assessed the costs of these disciplinary proceedings. A hearing panel reviewed the findings of fact and recommendations of the hearing board and approved them in all respects and recommended to this court that the recommended discipline be adopted.

Through his professional misconduct outlined above, the respondent disregarded the rights and expectations of his clients and caused serious injury to at least two of his clients. Previously, we have held that disbarment is the appropriate sanction for the type of misconduct engaged in by the respondent. *See People v. Felker*, 770 P.2d 402, 403, 408 (Colo.1989) (attorney disbarred for misconduct including neglecting clients' affairs, failure to return files to client, and engaging in conduct involving deceit); *People v. Quintana*, 752 P.2d 1059, 1061–62 (Colo.1988) (attorney disbarred for misconduct including neglect of a legal matter entrusted to him, failure to refund unearned portion of fee to client, lying to client, failure to file an action, and failure to maintain appropriate accounts of client funds); *People v. Martinez*, 739 P.2d 838, 844 (Colo.1987) (attorney disbarred for misconduct including neglect, misrepresentations, and misuse of clients' funds entrusted to him), *cert. denied*, —— U.S. ——, 108 S.Ct. 1003, 98 L.Ed.2d 970 (1988). As in *Martinez*, the respondent's misuse of his clients' fee payments and his neglect of the legal matters entrusted to him "strike[ ] at the heart of the legal profession by destroying public confidence in lawyers." *Martinez*, 739 P.2d at 844 (quoting *People v. Buckles*, 673 P.2d 1008, 1012 (Colo.

1984)).  The public has a right to expect that such professional misconduct will be severely disciplined.  *Martinez*, 739 P.2d at 844.  We thus conclude that disbarment is the appropriate sanction for the misconduct engaged in by the respondent.

Accordingly, we order that the respondent be disbarred effective thirty days from the issuance of this opinion and that his name be stricken from the roll of attorneys licensed to practice law in this state. The respondent is directed to comply with the requirements of C.R.C.P. 241.21 specifying certain action to be taken after entry of an order of disbarment.  The respondent is ordered to pay the costs of these proceedings in the amount of $129.25 by tendering that sum within sixty days of this date to the Colorado Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500S, Denver, Colorado, 80202, and is also ordered to make restitution in the amount of $500 plus interest to Carlos L. Neuben, $550 plus interest to Wallace Braun, and $75 plus interest to Richard Bock, all interest to be computed from the date of issuance of this opinion. The respondent shall not be readmitted to the practice of law until he has complied fully with C.R.C.P. 241.22(a) and has made full payment of costs and restitution.

