**The PEOPLE of the State of Colorado, Complainant,**

**v.**

**Dwight R. GREENE, Attorney–Respondent.**

**No. 89SA12.**

Supreme Court of Colorado, En Banc.

April 17, 1989.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

No appearance for attorney-respondent.

MULLARKEY, Justice.

In this attorney disciplinary proceeding, a hearing panel of the Supreme Court Grievance Committee has recommended that the respondent, Dwight R. Greene, be disbarred and that the costs of the proceedings be assessed against him. We agree with the recommendation and further order that the respondent make restitution.

## I.

Because the respondent failed to appear before the Grievance Committee, a default was entered against him. The facts alleged in the complaint are deemed admitted. This court and its Grievance Committee have jurisdiction over the respondent because he was admitted to practice law in Colorado in 1980.

The Grievance Committee found that Greene engaged in acts of misconduct during his representation of four different clients between 1984 and 1987. Greene failed to cooperate with the Grievance Committee when it attempted to investigate three of these cases and the Grievance Committee found that he had abandoned his practice. The four cases show a pattern of conduct in which Greene accepted retainers from clients, failed to perform the work for which he had been retained, avoided or misled his clients, and failed to return the retainers.

In the first case, Greene was paid $750 to represent Theodore Luckett to defend a charge of driving under the influence of alcohol. The Grievance Committee found that neither Luckett nor the trial court was able to contact the respondent despite numerous attempts and that Greene did nothing on Luckett's behalf other than obtaining four continuances of the trial date. Greene failed to cooperate in the Grievance Committee's investigation of the Luckett complaint.

In the second case, Greene was paid $97 ($37 from Reverend Alexander and $60 from Pre-paid Legal Services) to represent Reverend Alexander in an action against a bank for improperly repossessing Alexander's vehicle. Although Greene filed the case, the case was dismissed for failure to prosecute after Greene failed to reschedule a hearing date. Greene falsely told Reverend Alexander that the trial had been reset for a certain date. Eventually, Reverend Alexander retained other counsel who negotiated a settlement with the bank.

In the third case, Grady Osborne paid Greene approximately $40 to pursue an eviction action on his behalf. After Greene failed to file the eviction action and failed to return the retainer, Osborne sued Greene in small claims court and obtained a default judgment against Greene in the amount of $900 plus costs. Greene did not pay the judgment, did not answer interrogatories concerning his assets, and did not respond to a contempt citation ordering him to appear. A bench warrant has been issued for his arrest. Greene also failed to cooperate in the Grievance Committee's investigation of Osborne's complaint.

The fourth client, James Owens, had two complaints against Greene. In the first matter, Owens paid Greene $2,200 to purchase a transcript of an administrative hearing in order to perfect a judicial review action in the Denver District Court. Greene did not pay the court reporter and

the case was dismissed without prejudice for failure to file the transcript. Greene falsely told Owens that the matter had been set for hearing on a certain date and, when Owens appeared, he learned that the case had been dismissed one year earlier. After he learned that his case had been dismissed, Owens tried repeatedly to reach Greene but Greene evaded him. Finally, Owens confronted Greene at the federal courthouse and Greene wrote him a check to refund the payments for the transcript. The check, however, was returned for insufficient funds and Owens has not been repaid.

During the same time period, Owens paid Greene $900 to initiate a Chapter 13 bankruptcy proceeding in order to prevent the foreclosure of his home. Owens did not file the bankruptcy petition but turned the matter over to another attorney at a time when it was too late to pursue the matter. The second attorney refunded the $900 which Owens had paid but the foreclosure sale proceeded and Owens lost his home. Greene failed to cooperate with the Grievance Committee in its investigation of both of the Owens' matters.

## II.

We agree with the Grievance Committee that Greene engaged in multiple acts of misconduct involving dishonesty, fraud, deceit and misrepresentation, in violation of the Code of Professional Responsibility, DR 1–102(A)(4). Greene's conduct was prejudicial to the administration of justice in violation of DR 1–102(A)(5). In each case, Greene neglected a legal matter entrusted to him in violation of DR 6–101(A)(3) and he failed to carry out his contracts of employment in violation of DR 7–101(A)(2). Greene violated C.R.C.P. 227(A)(2)(b) by failing to keep this court advised of his current home and business addresses, and he violated C.R.C.P. 241.6(7) by failing to respond to the Grievance Committee. Greene has abandoned his law practice, causing harm to his clients, and his conduct is grounds for discipline under C.R.C.P. 241.6(1) and DR 1–102(A)(1).

## III.

We agree that disbarment is appropriate under the facts of this case. *See* ABA Standards for Imposing Lawyer Sanctions §§ 4.11 and 4.41 (1986). Greene received two prior letters of admonition on May 2, 1984 and June 9, 1986 for misconduct involving dishonesty, neglect, conduct prejudicial to the administration of justice, and inadequate preparation. The respondent has engaged in a pattern of misconduct which is serious and has caused real or potential injury to his clients. No mitigating factor has been presented which would weigh against the imposition of disbarment. Disbarment is plainly necessary to protect the public and is consistent with actions that we have taken in prior similar cases. *See People v. Kengle*, 772 P.2d 605 (Colo.1989) and cases cited at pp. 609–610 of that opinion.

We order that the respondent be disbarred effective thirty days from the issuance of this opinion and that his name be stricken from the roll of attorneys licensed to practice law in this state. The respondent is ordered to comply with the requirements of C.R.C.P. 241.21 regarding certain actions to be taken after entry of an order of disbarment. The respondent is ordered to pay the costs of these proceedings in the amount of $2,400.30 within ninety days of the date of this opinion to the Colorado Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado 80202. He is further ordered to make restitution to Theodore Luckett for $750, to Reverend Alexander for $37, to Prepaid Legal Services for $60, and to James Owens for $2,200. Each restitution award is to bear interest from the date of this order. In addition, the respondent is directed to satisfy the judgment obtained by Grady Osborne. The respondent shall not be readmitted to the practice of law until he has complied fully with C.R.C.P. 241.22(a) and has made full payment of the amounts specified above.