**The PEOPLE of the State of Colorado, Complainant,**

v.

**John Sherwood DUNSMOOR, Attorney–Respondent.**

**No. 91SA50.**

Supreme Court of Colorado, En Banc.

March 18, 1991.

Linda Donnelly, Disciplinary Counsel, Sandra J. Pfaff, Jay P.K. Kenney, Asst. Disciplinary Counsels, Denver, for complainant.

John Sherwood Dunsmoor, Denver, pro se.

PER CURIAM.

This attorney disciplinary case is before us on a Stipulation, Agreement, and Conditional Admission of Misconduct and the Supreme Court Grievance Committee's recommendation that the respondent, John Sherwood Dunsmoor, be suspended from the practice of law for a period of one year and one day subject to certain conditions. We accept the recommendation.

I.

Dunsmoor was admitted to practice law in Colorado in 1981 and is subject to the disciplinary jurisdiction of this court and its Grievance Committee. C.R.C.P. 241.1(b). The case before us involves four instances of professional misconduct.

A.

In the first case, the respondent mishandled a dissolution of marriage action in which he was retained to represent Nels C. Aldrich. Aldrich paid the respondent a retainer of $2,000 in September 1988 but the respondent did very little work on the case between that time and April 1989. Dunsmoor did not respond to a proposed settlement agreement sent to him by opposing counsel in January 1989. When Aldrich sought to have Dunsmoor prepare a settlement agreement, the respondent was unprepared, misplaced Aldrich's file, and drafted an incomplete settlement agreement. Eventually, Aldrich and his wife personally arrived at a settlement agree-

ment which was reduced to writing by the opposing attorney. The Grievance Committee found that the work performed by Dunsmoor did not justify retention of the $2,000 retainer. The respondent kept no formal time records, did not provide Aldrich with an accounting of his use of the funds, and made no refund to Aldrich.

Dunsmoor's misconduct in the Aldrich case is grounds for discipline under C.R. C.P. 241.6 and violates the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule), DR2–106(A) (charging a clearly excessive fee), DR6–101(A)(3) (neglect of a legal matter), DR7–101(A)(2) (failure to carry out a contract of employment for professional services), and DR9–102(B) (failure to handle and account for client funds properly).

### B.

The second matter also concerned neglect of a dissolution of marriage action. Kent A. Long retained Dunsmoor to represent him and paid a retainer of $1700 in June 1988. The respondent did very little work on Long's case and failed to show up for a scheduled meeting at his office in January 1989 when Long intended to tell Dunsmoor that he and his wife had reconciled. In March 1989 Long discharged the respondent as his attorney and asked for a refund of his unearned retainer fee. Long eventually retained another attorney who made repeated attempts to obtain an accounting and refund from the respondent. As of the date of the stipulation (December 1990), Dunsmoor had made neither a refund nor a complete accounting to Long.

The respondent's misconduct in this matter is grounds for discipline under C.R.C.P. 241.6 and violates the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule), DR6–101(A)(3) (neglect of a legal matter), DR9–102(B)(3) (failure to maintain records and account for client funds), and DR9–102(B)(4) (failure promptly to pay over funds to which client is entitled).

### C.

In the third matter, the respondent was retained in 1986 to represent High Country Farms which was the defendant in a personal injury action. The case had been ongoing for over ten years when Dunsmoor was hired. Dunsmoor neglected the case from 1986 until October 1989 by failing to respond to discovery requests and failing to file a trial data certificate.

His misconduct in the High Country Farms case is grounds for discipline under C.R.C.P. 241.6 and violates the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule), and DR6–101(A)(3) (neglect of a legal matter).

### D.

The last matter concerns the respondent's representation of Flozell J. Beasley in a federal habeas corpus case. In April 1990, the respondent was appointed to represent Beasley, who had proceeded *pro se* for two years. The respondent failed to file objections or to respond to the United States Magistrate's recommendation and in June 1990, the habeas corpus petition was dismissed without prejudice.

Dunsmoor's misconduct in the Beasley case is grounds for discipline under C.R. C.P. 241.6 and violates the following provisions of the Code of Professional Responsibility: DR1–102(A)(1) (violation of a disciplinary rule), and DR6–101(A)(3) (neglect of a legal matter).

### II.

The respondent engaged in a pattern of neglect in these four cases between late 1988 and mid–1990. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986), suspension is generally appropriate when a lawyer engages in a pattern of neglect and causes injury or potential injury to a client. ABA Standard 4.42(b). The respondent's neglect caused injury, primarily inconvenience and delay, in the four matters discussed above but none of the clients suffered serious injury. In analyzing the appropriate disci-

pline, we are guided by the aggravating and mitigating factors discussed in ABA Standard 9.0. On the aggravating side, the respondent engaged in a pattern of misconduct involving multiple offenses. ABA Standards 9.22(c), (d). In addition, Dunsmoor received four letters of admonition in 1989 for similar misconduct which occurred during this same time period. A prior disciplinary record is considered to be an aggravating factor. ABA Standard 9.22(a).

Several mitigating factors are present including personal or emotional problems, full cooperation with the Grievance Committee, and the respondent's expressed remorse for his misconduct. ABA Standards 9.32(c), (e), and (1). During the time when his acts of misconduct were committed, the respondent experienced serious emotional problems. He was divorced, his practice lost its major client which accounted for most of his income, and he declared personal bankruptcy.

The Grievance Committee has recommended that the respondent be suspended from the practice of law for the period of a year and one day and we agree. In similar cases involving a pattern of neglect and the presence of aggravating and mitigating factors, we have suspended the attorney-respondent for the same period. *See, e.g., People v. Richtsmeier,* 802 P.2d 471 (Colo. 1990); *People v. Moya,* 793 P.2d 1154 (Colo. 1990); *People v. Hodge,* 752 P.2d 533 (Colo. 1988). We also accept the committee's recommendations that the respondent make restitution to his clients Aldrich and Long, and that the respondent demonstrate that he is emotionally and psychologically able to practice law before he is reinstated. Proof of his fitness to practice law shall include examination by a qualified psychiatrist or psychologist. *People v. Fagan,* 745 P.2d 249, 253–54 (Colo.1987).

Accordingly, we order that the respondent, John Sherwood Dunsmoor, be suspended from the practice of law for a period of one year and one day effective thirty days after the date of this order. C.R.C.P. 241.21(a). The respondent is further ordered to make restitution to Nels C. Aldrich in the amount of $2,000 and to Kent A. Long in the amount of $1,700. The restitution awards are to bear interest at the statutory rate from the date of this opinion. The respondent shall not be reinstated to the practice of law until he demonstrates that he is emotionally and psychologically able to practice law. Finally, the respondent is ordered to pay costs in the amount of $60.49 within thirty days of the date of this order to the Supreme Court Grievance Committee, Suite 510S, 600 17th Street, Denver, Colorado 80202–5435.