The PEOPLE of the State of Colorado, Complainant,

v.

Joseph Henry HELLEWELL, Attorney–Respondent.

No. 91SA89.

Supreme Court of Colorado, En Banc.

May 20, 1991.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Dwight R. Schmidt, Greeley, for respondent.

PER CURIAM.

In this attorney discipline proceeding, the respondent and the disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the Supreme Court Grievance Committee unanimously accepted the stipulation and agreement and recommended that the respon-

---

dent be suspended for three years from the practice of law and be assessed the costs of the proceeding. We accept the stipulation and agreement and the recommendation of the inquiry panel.

## I

The respondent was admitted to the bar of this court on October 2, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b).

## A

### GC 90B-5

The complaint filed by the disciplinary counsel in GC 90B-5 contained two counts, both involving the Ninth District Production Credit Association (PCA). In April 1987, the respondent was retained by the PCA to initiate foreclosure and collection proceedings against the Allard Cattle Company following that company's default on a promissory note secured by a mortgage on real property in Nebraska. Between May 1987 and January 1988, the respondent made numerous misrepresentations to officers of the PCA that a complaint had been filed in the matter, that he had communicated with opposing counsel concerning extensions of time for the filing an answer and for conducting discovery, and that a hearing for a temporary restraining order had been set. In fact, the respondent had filed no complaint, there were no such communications with opposing counsel, and no hearing on a temporary restraining order had been set.

The respondent has admitted, and we agree, that this conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him); and DR 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means). Because of the foregoing misconduct, the respondent also violated DR 1-102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P.

241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

In count II, the respondent and the disciplinary counsel stipulated that the respondent was hired by an entity of the PCA to commence litigation against Mark and Debra Turner for the collection of a promissory note. The respondent filed a complaint against the Turners, but he misrepresented to officers of the PCA that he had filed a motion for summary judgment and that all briefs with regard to the motion had been filed. The respondent had filed no motion for summary judgment and no briefs. In this same action, the respondent sent out a notice for hearing, but he failed to attend the hearing. In addition, the respondent failed to file foreclosure proceedings against the Turners as the PCA had requested. The respondent stipulated that this conduct violated DR 1-102(A)(1) (violation of disciplinary rule), DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), DR 6-101(A)(3) (neglect of legal matter), and DR 7-101(A)(1) (intentional failure to seek client's lawful objectives).

## B

### GC B-62

This complaint contained three counts. In count I, the respondent stipulated that he made loans totalling $1,555 to a medical malpractice client which constituted improper advances against an anticipated settlement, contrary to DR 5-103(B) (while representing a client in connection with contemplated or pending litigation, a lawyer shall not, subject to certain exceptions not applicable here, advance or guarantee financial assistance to the client).

The respondent stipulated in count II that he was retained by two clients to file an answer and appearance to a summons and complaint. The respondent never appeared or filed an answer. A default judgment was entered against the respondent's clients, and the clients' employers were garnished on several occasions. After the

first garnishment, the clients contacted the respondent to find out what had happened, but the respondent took no action to obtain relief from the default judgment. The respondent admitted that his conduct violated DR 6–101(A)(3) (neglect).

In the third count, the respondent was hired by the Rakowskis to file a voluntary Chapter 13 bankruptcy petition on their behalf. The respondent filed the petition on December 18, 1989, but did not file a plan until March 8, 1990, although the bankruptcy rules required that the plan be filed within fifteen days of the petition. A creditor of the Rakowskis filed a motion to dismiss the petition with prejudice. The respondent filed no response to the motion because he believed that the March 8 filing made a response unnecessary. The respondent had done no research to confirm that his belief was correct. The belief was incorrect, and the bankruptcy judge dismissed the petition "with prejudice to refiling for 180 days."

As the respondent has admitted, this conduct violated DR 1–102(A)(1) (violation of disciplinary rule), DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to him without adequate preparation under the circumstances), and DR 6–101(A)(3) (neglect).

## II

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42. Suspension is also appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client, *ABA Standards* 4.62.

The disciplinary counsel argued that the respondent should be suspended for three years, the longest period of suspension permitted under the rules. *See* C.R.C.P. 241.-7(2). The respondent has suggested that

suspension for a year and a day would be sufficient, but he has agreed to accept a period of suspension up to three years. The inquiry panel recommended that the respondent be suspended for three years.

Because of the extensive pattern of neglect and intentional deception in client matters over a period of years, we conclude that any period of suspension less than three years would be too lenient. Accordingly, we will accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

## III

It is hereby ordered that Joseph Henry Hellewell be suspended from the practice of law for three years, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). Hellewell shall not be reinstated until after he has complied with C.R.C.P. 241.22(c) & (d). It is further ordered that Hellewell pay the costs of this proceeding in the amount of $627.85 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.