The PEOPLE of the State of
Colorado, Complainant,

v.

Richard Stephen DASH,
Attorney–Respondent.

Nos. 87SA484, 91SA81.

Supreme Court of Colorado,
En Banc.

May 20, 1991.

Linda Donnelly, Disciplinary Counsel
Denver, for complainant.

Michael L. Bender, Denver, for attorney-respondent.

PER CURIAM.

Two separate attorney disciplinary proceedings involving three separate complaints and containing multiple counts are before us. In No. 87SA484, a hearing panel of the Supreme Court Grievance Committee recommended that the respondent be suspended for one year and one day. In No. 91SA81, the respondent and the disciplinary counsel entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. An inquiry panel of the grievance committee unanimously accepted the stipulation and agreement and recommended that the respondent be suspended for three years from the practice of law and be assessed the costs of the proceedings. The inquiry panel also recommended that the three-year suspension resolve all disciplinary matters then pending against the respondent, including the matters in No. 87SA484. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the two proceedings be consolidated for purposes of this opinion and order.

I

The respondent was admitted to the bar of this court on October 8, 1982. He is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b).

A

No. 87SA484 (GC 86A–70)

The complaint filed by the disciplinary counsel in GC 86A–70 alleged five counts of misconduct. The respondent and the disciplinary counsel entered into an unconditional stipulation and admission of misconduct with respect to four of the counts and one count was dismissed. The hearing board received exhibits and heard testimony from witnesses called by the respondent.

The respondent was employed as an associate at the law firm of Barrows & Sisun when most of the misconduct charged in the complaint occurred. On April 5, 1985, the respondent filed a complaint on behalf of Dr. Peter Bryson against a property management company for negligent management of Bryson's apartment building and resulting damages. During the prosecution of this claim, the respondent failed to timely respond to discovery requests and the court imposed a monetary sanction. The respondent misrepresented

the facts surrounding the settlement of Dr. Bryson's claim to a partner at Barrows & Sisun, and signed Dr. Bryson's name on a release without authorization.

The respondent admitted that this conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him). The respondent also stipulated that his conduct violated DR 1–102(A)(4), DR 6–101(A)(3), and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship) with respect to two other counts contained in the complaint. Finally, because the respondent failed to comply with numerous requests from the grievance committee for a response to the request for investigation, he violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

## B

### No. 91SA81 (GC 88A–30 & GC 88A–49)

The complaint filed by the disciplinary counsel in GC 88A–30 arose from the respondent's representation of Dr. Gerald Johnson and Johnson's son. The Johnsons were named as defendants in an action filed in federal district court seeking damages springing from a skiing accident. The respondent was retained by Dr. Johnson's Texas lawyer, Albert M. Dworkin. The respondent submitted monthly invoices and was paid by Dworkin for services rendered. In addition, Dworkin sent the respondent a $5,000 retainer which the respondent deposited into an interest-bearing trust account. The respondent entered his appearance on behalf of the Johnsons in the federal action on January 30, 1987.

On December 2, 1987, the respondent notified Dworkin that he wanted to transfer the Johnson case to another attorney because he had recently left private prac-

tice. He told Dworkin that he would refund the balance of the trust funds, including interest, within five days. Two weeks later, the respondent misrepresented to Dworkin's secretary that he had mailed the check the previous week. After numerous phone calls from Dworkin's office to the respondent went unanswered, Dworkin filed a request for investigation with the grievance committee.

The respondent then engaged in a pattern of misrepresentation to the grievance committee with respect to the filing of his response to the request for investigation and the purported mailing of a check for the balance of the trust funds. The respondent finally sent a cashier's check to the grievance committee in the amount of $4,600, reflecting the original retainer of $5,000 plus interest, less a $1,000 payment to the respondent which Dworkin had authorized.

The respondent has admitted that this conduct violated DR 1–102(A)(4) (dishonesty), DR 6–101(A)(3) (negligence), DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive); and C.R.C.P. 241.6(7) (failure to respond to a request of the grievance committee without good cause shown).

The complaint in GC 88A–49 contained three counts. The first count alleged that the respondent had not notified the Colorado Supreme Court Registration Clerk of his change of office address and telephone as required by C.R.C.P. 227(2)(b). In addition, the respondent failed to file his annual registration for 1988 with the registration clerk as required by C.R.C.P. 227(1)(a). The respondent thus violated C.R.C.P. 241.-6(6) (any act or omission which violates these Rules or which violates an order of discipline or disability constitutes grounds for discipline), as well as the provisions of C.R.C.P. 227.

The last two counts of the complaint in GC 88A–49 involved the respondent's failure to prosecute two separate legal matters

in which he was retained. The respondent stipulated, and we agree, that his conduct violated DR 6–101(A)(3) (neglect), and DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client).

## II

Given the respondent's extensive and long-standing pattern of neglect and misrepresentation in client matters and these grievance proceedings, but taking into consideration in mitigation the respondent's emotional problems and the absence of prior discipline, we conclude that a long period of suspension is appropriate. Accordingly, we accept the stipulation, agreement, and conditional admission of misconduct, and the recommendation of the inquiry panel.

It is hereby ordered that Richard Stephen Dash be suspended from the practice of law for three years, effective upon the issuance of this opinion. C.R.C.P. 241.-21(a). Dash shall not be reinstated until after he has complied with C.R.C.P. 241.-22(c) & (d). It is further ordered that Dash pay the costs of these two proceedings in the amount of $1,755.78 within ninety days after the issuance of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.