The PEOPLE of the State of
Colorado, Complainant,

v.

Stuart J. RAUBOLT, Attorney–
Respondent.

No. 92SA31.

Supreme Court of Colorado,
En Banc.

May 18, 1992.

Linda Donnelly, Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

The respondent in this attorney disciplinary proceeding did not appear or answer the complaint filed by the assistant disciplinary counsel. A hearing panel of the Supreme Court Grievance Committee approved the findings of the hearing board and recommended that the respondent be suspended from the practice of law for one year and one day, that he be ordered to make restitution, and that he be assessed the costs of the proceeding. We accept the findings of the panel and the board, but conclude that a longer period of suspension is warranted because of the seriousness of the misconduct. We order that the respondent be suspended for three years, pay restitution as provided in the board's report, and be assessed costs.

I

The respondent was admitted to the bar of this court on October 9, 1979, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The respondent was suspended on October 5, 1990, for failure to pay his attorney registration fee, and he has not been reinstated. C.R.C.P. 227(4). Because the respondent did not appear and did not answer the complaint, the hearing board entered an order of default and the allegations of fact in the complaint were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the assistant disciplinary counsel, the board found that the following allegations of misconduct contained in the complaint were established by clear and convincing evidence.

A

Barbara Jean Plymale hired the respondent in July 1989 to file a petition for

dissolution of her marriage. Plymale paid the respondent a $300 retainer. The respondent prepared the initial pleadings and sent them to Plymale's husband, who did not sign or return them. The respondent did obtain the notarized signatures of Plymale and her husband on the petition in September 1989, and he told Plymale that the marriage dissolution would be final in January 1990. In November 1989, Plymale temporarily moved to Florida, and the respondent told her that he would mail the final decree to her. The respondent did not send her a decree and did not return Plymale's telephone calls. When Plymale returned to Denver in March 1990, she learned that the respondent had never filed the petition for dissolution. Although he then promised Plymale that he would file the petition, he has not done so, nor has he refunded her $300 retainer.

The board found, and we agree, that the respondent's conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 2-110(A)(3) (a lawyer who withdraws from employment shall refund promptly any unearned attorney's fees); DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); and DR 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client).

### B

Michael M. McCormish retained the respondent in May 1990 to file a mechanic's lien for $7,100 on certain property. McCormish had performed work on the property as a subcontractor but had not been paid. He gave the respondent $150 as a retainer and provided him with the original documents needed to file the lien. When McCormish reminded the respondent on September 1, 1990, to file the lien by September 7, the respondent promised him that he would do so. The respondent did not file the lien as promised, but in October

1990 he told McCormish that he had received an extension of time within which to file the lien. Thereafter, McCormish was unable to contact the respondent and the respondent has never filed the lien. He has returned neither McCormish's original documents nor the $150 retainer.

The respondent violated DR 1-102(A)(4) (conduct involving dishonesty or misrepresentation), DR 2-110(A)(3) (failure to refund unearned attorney's fees), DR 6-101(A)(3) (neglect), DR 7-101(A)(1) (intentional failure to seek the lawful objectives of the client), and DR 7-101(A)(2) (intentional failure to carry out a contract of employment).

### C

James E. Shinaut owns and operates an excavating business. Shinaut retained the respondent to handle corporate matters, review contracts, and collect overdue accounts. In five individual legal matters he was supposed to handle for Shinaut between 1986 and 1990, the respondent: (1) abandoned the collection of an overdue account; (2) failed to initiate collections on two separate judgments; (3) failed to timely file a mechanic's lien; and (4) failed to file a complaint in a collection matter. Shinaut has been unable to contact the respondent for some time.

The board determined that the respondent's conduct violated DR 1-102(A)(4) (conduct involving dishonesty or misrepresentation), DR 2-110(A)(3) (failure to refund unearned attorney's fees), DR 6-101(A)(3) (neglect), and DR 7-101(A)(1) (intentional failure to seek the lawful objectives of the client).

### D

In 1987, the respondent represented a client in a mechanic's lien action against Heung Joo Woo. Judgments in the total amount of $4,652 were entered against Heung Joo Woo in May 1987. Pursuant to a negotiated settlement of the judgments, a cashier's check made payable to the respondent and his client was delivered to the respondent in June 1987. The respondent

failed to release the liens, however, despite his repeated promises to Heung Joo Woo that he would do so. As the board concluded, the respondent's conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 1–102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law), and DR 6–101(A)(3) (neglect of a legal matter).

### E

Finally, the respondent's failure to reply to any of the requests for investigation of the foregoing matters violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown constitutes ground for lawyer discipline).

### II

As the hearing board noted, the respondent's default and the evidence presented at the hearing suggest that the respondent has abandoned his clients and the practice of law. Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42. Suspension is also generally appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client, *ABA Standards* 4.62.

The board found the existence of the following factors in aggravation: (1) a dishonest or selfish motive on the part of the respondent, *id.* at 9.22(b); (2) a pattern of misconduct, *id.* at 9.22(c); (3) multiple offenses, *id.* at 9.22(d); (4) failure to comply with the rules and orders of the grievance committee, *id.* at 9.22(e); (5) refusal to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); and (6) indifference to making restitution, *id.* at 9.22(j). Since the respondent did not appear, the only

mitigating factor the board found was that the respondent did not have a prior disciplinary record. *Id.* at 9.32(a).

■ The panel approved the board's recommendation that the respondent be suspended for one year and one day. The grievance committee's recommendation, however, is advisory only, and this court must determine the appropriate discipline. C.R.C.P. 241.15(c); *People v. Flores*, 772 P.2d 610, 614 (Colo.1989); *People v. Brown*, 726 P.2d 638, 640–41 (Colo.1986). In support of its recommendation, the board cited two recent disciplinary cases in which we imposed suspensions for one year and one day. *See People v. Barr*, 818 P.2d 761 (Colo.1991) (attorney's misconduct, including willful contempt of court for failure to pay child support, failure to promptly return client funds, neglect of legal matters, and failure to respond to requests for investigation, was aggravated by prior discipline and other factors, but mitigated by factors including the attorney's personal and emotional problems); *People v. Dunsmoor*, 807 P.2d 561 (Colo.1991) (attorney's pattern of neglect in four cases was aggravated by four letters of admonition for similar misconduct during same time period, but was mitigated by emotional problems, full cooperation with the grievance committee, and the attorney's remorse).

We find that *Barr* and *Dunsmoor* are not dispositive. What distinguishes and exacerbates the misconduct in this case are the respondent's dishonesty and misrepresentations, his abandonment of his clients, and his complete disregard of the proceedings before the grievance committee and before this court. Because of the extensive pattern of neglect and intentional deception in client matters over a period of years, any period of suspension less than three years would be too lenient. *See People v. Anderson*, 817 P.2d 1035 (Colo.1991) (attorney's misconduct in failing to respond to discovery requests, in leaving practice without properly withdrawing from cases or filing change of address, in failing to timely prepare a written judgment, and in failing to prevent dismissal of case for fail-

ure to prosecute, was mitigated by cooperation with grievance committee, remorse, and absence of significant history of discipline, and warranted three-year suspension); *People v. Hellewell,* 811 P.2d 386 (Colo.1991) (extensive pattern of neglect and intentional deception in client matters warrants three-year suspension); *People v. Dash,* 811 P.2d 36 (Colo.1991) (three-year suspension was appropriate where attorney's misconduct involved an extensive and longstanding pattern of neglect and misrepresentation in client matters and grievance proceedings, but was mitigated by emotional problems and absence of prior discipline).

### III

Accordingly, it is hereby ordered that Stuart J. Raubolt be suspended from the practice of law for three years, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that prior to seeking reinstatement, Raubolt shall make restitution to Barbara Jean Plymale in the amount of $300 plus statutory interest from July 6, 1989, and to Michael M. McCormish in the amount of $150 plus statutory interest from May 21, 1990. It is further ordered that Raubolt pay the costs of this proceeding in the amount of $128.66 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. Raubolt shall not be reinstated until· he has complied with C.R.C.P. 241.22(b)–(d).