**The PEOPLE of the State of Colorado, Complainant,**

v.

**John T. HYLAND, Attorney–Respondent.**

**No. 92SA72.**

Supreme Court of Colorado,
En Banc.

May 26, 1992.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

No appearance on behalf of attorney-respondent.

PER CURIAM.

The respondent in this attorney disciplinary proceeding defaulted before the hearing board and has not appeared in this court. A hearing panel of the Supreme Court Grievance Committee unanimously approved the board's recommendation that the respondent be suspended from the practice of law for three years, pay restitution, and be assessed costs. We accept the panel's recommendation.

I.

The respondent was admitted to the bar of this court on October 17, 1980, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.-1(b). The respondent was suspended by order dated August 15, 1991, for failure to pay his registration fee. C.R.C.P. 227(A)(1). The formal complaint filed by the disciplinary counsel contained two counts. Because the respondent did not appear and did not answer the complaint, an order of default was entered and the allegations of fact in the complaint were deemed admitted. *People v. Crimaldi*, 804 P.2d 863, 864 (Colo.1991). Based on the respondent's default, and evidence tendered by the disciplinary counsel, the hearing board found that the following allegations and charges of misconduct contained in the complaint were established by clear and convincing evidence.

A.

Between March 7 and May 2, 1990, the respondent failed to appear three separate times for a sentencing hearing for his client, Vickie Parsons. On the third occasion, the trial judge issued a contempt citation directed to the respondent. Prior to the July 18, 1990, show cause hearing, the respondent informed the court that he intended to withdraw from the Parsons case and requested that the court not require him to appear at the contempt hearing if he filed the appropriate documents. The court acquiesced to the respondent's request, but the respondent once again failed to appear on July 18, either for his client's sentencing or on the contempt citation. The respondent also failed to appear on September 5, 1990, and a second contempt citation was issued. When the respondent did not appear as ordered on November 7, 1990, a bench warrant was issued for his arrest. The hearing board found, and we agree, that the respondent's conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer), and DR 7–106(A) (a lawyer shall not disregard a ruling of a tribunal made in the course of a proceeding).

B.

In December 1988, Kathryn J. Lynch was arrested and charged with theft upon a complaint brought by her employer. She retained the respondent to represent her, and the criminal case was subsequently dismissed for lack of evidence.

On July 7, 1989, the respondent agreed to represent Lynch on an hourly basis in a civil action against her employer. Lynch paid the respondent a $2,500 retainer. After some difficulty, Lynch contacted the respondent on August 3, 1989, and the respondent told her that he intended to file the civil action in September. Despite repeated assurances that he would initiate the lawsuit, the respondent did not file the complaint until February 23, 1990, and only after Lynch had paid him an additional $1,187 in fees and $180 in court costs. The hearing board determined that, of the eleven claims for relief in the complaint prepared by the respondent, four claims were subject to a one-year statute of limitations,

five were arguably barred by the Workers' Compensation Act, and the last two were arguably preempted by federal labor law.

On April 26, 1990, after again experiencing much difficulty in reaching the respondent, Lynch told him that she was concerned about possible statute of limitations problems. The respondent did not tell Lynch that the defendants had filed motions to dismiss four of the claims for relief on the grounds that the claims were time-barred. Nor did he inform Lynch that the defendants had submitted interrogatories to the respondent for Lynch to answer. He did tell Lynch on May 14 that he was moving to Washington D.C., and would refer her to another attorney. On May 22, 1990, the respondent confessed the defendants' motion to dismiss four of the counts.

The respondent referred Lynch to another attorney on June 26, 1990. Seven months later, Lynch's new attorney confessed the defendants' motion for summary judgment. The board found that, in his representation of Lynch, the respondent failed to communicate with her regarding the progress of the case and misrepresented the status of the case to her, failed to adequately prepare the case and to timely respond to discovery requests, refused to refund any unearned fees, and failed to properly withdraw from the matter or to sign a substitution of counsel form prepared by Lynch's new attorney. The respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 2–110(A)(2) (a lawyer shall not withdraw from employment until the lawyer has taken steps to avoid foreseeable prejudice to the rights of the client); DR 2–110(A)(3) (a lawyer who withdraws from employment shall refund promptly any unearned attorney's fees); DR 6–101(A)(2) (a lawyer shall not handle a legal matter entrusted to the lawyer without adequate preparation under the circumstances); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); and DR 7–101(A)(3)

(a lawyer shall not intentionally prejudice or damage the client during the course of the professional relationship).

## II.

The hearing panel accepted the board's recommendation that the respondent be suspended for three years. As the board noted, at least three of the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (ABA *Standards*) are applicable to this case. In the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." ABA *Standards* 4.42. Suspension is also appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client. *Id.* at 4.62. Finally, "[s]uspension is appropriate when a lawyer knows that he is violating a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding." *Id.* at 6.22.

The board found the following factors in aggravation: (1) the existence of a prior disciplinary history, including two letters of admonition and a private censure, *id.* at 9.22(a); (2) a pattern of misconduct, *id.* at 9.22(c); (3) multiple offenses, *id.* at 9.22(d); (4) a refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g); and (5) substantial experience in the practice of law, *id.* at 9.22(i). The respondent did not appear, and the board did not find any mitigating factors.

The respondent in this case has demonstrated a continuing pattern of neglect of client matters, as well as dishonesty and misrepresentation in dealing with his client and with the court. Moreover, he has essentially abandoned two of his clients, and has been completely indifferent to proceedings before the grievance committee and before this court. Under these circumstances, we conclude that a three-year sus-

pension, the longest permitted under C.R.C.P. 241.7(2), is warranted. *See People v. Raubolt*, 831 P.2d 462 (Colo.1992). Accordingly, we accept the recommendation of the hearing panel.

### III.

It is hereby ordered that John T. Hyland be suspended from the practice of law for three years, effective immediately upon the issuance of this opinion. C.R.C.P. 241.-21(a). It is further ordered that, prior to seeking reinstatement, Hyland shall make restitution to Kathryn J. Lynch in the amount of $3,687 plus statutory interest from June 26, 1990. It is further ordered that Hyland pay the costs of this proceeding in the amount of $124.72 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202. Hyland shall not be reinstated until after he has complied with C.R.C.P. 241.-22(b)-(d).