**The PEOPLE of the State of Colorado, Complainant,**

v.

**Andrew J. REGAN, Attorney–Respondent.**

**No. 92SA198.**

Supreme Court of Colorado, En Banc.

June 22, 1992.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Andrew J. Regan, pro se.

PER CURIAM.

This attorney discipline case comes to us on a stipulation, agreement, and conditional admission of misconduct entered into between the respondent and the assistant disciplinary counsel. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and recommended that the respondent be suspended from the practice of law for one year and one day, pay restitution, and be assessed the costs of the proceeding. We accept the stipulation.

I.

The respondent was admitted to the bar of this court on November 1, 1985, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The assistant disciplinary counsel filed two formal complaints against the respondent, and the stipulation addresses the allegations in both complaints.

A.

The first complaint, No. GC91B–45, contained two counts. In the first, the respondent was retained by Stephen and Susan Saulter to represent them in a Chapter 13 bankruptcy proceeding. The Saulters failed to make payments pursuant to the Chapter 13 plan and the bankruptcy court dismissed their petition. The respondent filed a motion to reinstate the bankruptcy and the matter was set for hearing on November 21, 1990. The bankruptcy court mailed a copy of the notice for the hearing to the respondent at his listed address.

The respondent had terminated his sole practice on October 1, 1990, however, and went to work as an associate with a law firm. He did not file a change of address with the post office, the bankruptcy court, or this court. Neither the respondent nor the Saulters appeared for the hearing on November 21. Although the respondent determined that the Saulters would not be able to complete the Chapter 13 plan, he did not notify the bankruptcy court that he was withdrawing the reinstatement motion.

When he did not appear at the hearing on his motion for reinstatement, the bankruptcy court judge ordered that the respondent pay $100 to the clerk of the court within ten days. A copy of the order was sent to the respondent at his listed address. The respondent did not receive a copy of the order and did not pay the $100. Because he did not file any change of address, the respondent did not receive the bankruptcy court's order to show cause why he should not be held in contempt. The respondent did not appear at the hearing on the show cause order on March 5, 1991, and was found in contempt of the bankruptcy court. Ten days later, the respondent paid the $100 sanction, filed a change of address with the bankruptcy court, and filed a motion for relief from the order of contempt which was granted. On May 9, 1991, the respondent filed a change of address with the clerk of this court.

As the respondent has admitted, his conduct violated C.R.C.P. 227(2)(b) (every attorney shall file a supplemental statement of change in the information previously submitted in the attorney's annual registration statement, including home and business addresses, within thirty days of the change); and DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice).

■ With respect to the second count, the respondent was retained in September 1990 by Orlando Gallardo to assist him in obtaining a refund for allegedly inadequate automobile repair services. The respondent failed to write a demand letter to the business on behalf of Gallardo as he had promised, and he failed to return Gallardo's telephone calls. Gallardo sent the respondent a letter requesting the return of his $75 retainer, but the respondent did not comply. After Gallardo filed a request for investigation, the respondent promised to refund the money within two weeks. Three weeks passed before the respondent returned the retainer. The respondent has stipulated that his conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer).

### B.

■ The second complaint, No. GC92B–14, contained three separate counts. In the first, the respondent was retained by Johnnie B. Tindel to represent him on a traffic citation for speeding, and to represent Tindel and his wife on a closing on a house that the Tindels were purchasing. Although the respondent negotiated the speeding citation down to a violation with less points, he failed to notify Tindel of the disposition of the case and the amount of the fine. As a result, a bench warrant was issued for Tindel's arrest and the matter was resolved only after Tindel was assessed an additional $90 in fines and costs. Moreover, the respondent took no significant action to effectuate the closing on the house, although he repeatedly promised that he would. The respondent misrepresented that he had contacted the sellers of the house when he had not done so. When Tindel asked the respondent to return all of his files and documents so that he could retain another attorney, the respondent had lost the closing documents. The respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship); and DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securi-

ties, or other properties in the possession of the lawyer which the client is entitled to receive).

The second count alleged that in May 1990 the respondent was hired by Renee A. Woolley to handle an uncomplicated dissolution of marriage matter. The respondent failed to take any action on the matter, did not communicate with Woolley regarding progress in the case, and did not notify her of his change of address. In addition, although he has refunded $150 of the retainer that Woolley paid him, he has failed to refund the balance of $160 after promising to do so on two occasions. As the respondent had admitted, his conduct again violated DR 1–102(A)(4), DR 6–101(A)(3), DR 7–101(A)(2), DR 7–101(A)(3), and DR 9–102(B)(4).

In the final count, Jan Collado and her husband retained the respondent to represent them in a Chapter 13 bankruptcy. The bankruptcy court issued a notice of deadline for filing schedules, statements and creditors' addresses. The respondent did not file the necessary documents by the deadline, despite assurances to his clients that he would do so, and the bankruptcy was dismissed. A new petition was filed, but due to deficiencies in the supporting documents the new petition was dismissed, although it was eventually reinstated. In the course of his representation of the Collados, the respondent failed to file appropriate statements, schedules, and a wage earner's plan pursuant to the deadlines set by the bankruptcy court, failed to appear at meetings with the bankruptcy trustee, moved from his office without notifying the Collados of his new business address and telephone number, and misrepresented the status of the bankruptcy proceedings to his clients. The respondent's conduct therefore violated DR 1–102(A)(4), DR 1–102(A)(5), DR 6–101(A)(3), DR 7–101(A)(2), and DR 7–101(A)(3).

## II.

The inquiry panel approved the stipulation, agreement, and conditional admission of misconduct and, following the analysis of discipline provided by the respondent and assistant disciplinary counsel, recommended that the respondent be suspended for one year and one day. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp. 1992) (ABA *Standards*) provides that in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. Suspension is also appropriate when a lawyer knowingly deceives a client and causes injury or potential injury to the client, *id.* at 4.62.

In mitigation, the respondent and the assistant disciplinary counsel have stipulated that the respondent has no prior history of discipline, *id.* at 9.32(a), that the respondent did not act with a dishonest or selfish motive, *id.* at 9.32(b), and that the respondent was experiencing significant personal and emotional problems during the period of time in which the misconduct occurred, *id.* at 9.32(c).

In cases presenting a similar pattern of neglect and misrepresentation, and like factors in mitigation, we have determined that suspension for one year and one day was appropriate. *Compare People v. Eaton*, 828 P.2d 246 (Colo.1992) (lawyer suspended for one year and one day for misconduct involving a pattern of neglect of client matters and misrepresentation where significant mitigating factors included lack of prior disciplinary history and mental disability or impairment) *with People v. Raubolt*, 831 P.2d 462 (Colo.1992) (attorney suspended for three years for pattern of neglect and misrepresentation in client matters, abandonment of clients, and default before the grievance committee and the supreme court). Accordingly, we approve the recommendation of the inquiry panel and we accept the stipulation, agreement, and conditional admission of misconduct.

## III.

It is hereby ordered that Andrew J. Regan be suspended from the practice of law

for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). Regan must comply with the requirements of C.R.C.P. 241.-22(b)-(d) before he may be reinstated. It is further ordered that, prior to petitioning for reinstatement, Regan make restitution as set forth in paragraph 17 of the stipulation, agreement, and conditional admission of misconduct. In addition, as a further condition of reinstatement, Regan must demonstrate that his personal and emotional problems do not impair his ability to fulfill his responsibilities as a lawyer. It is further ordered that Regan pay the costs of this proceeding in the amount of $245.72 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.