854 P.2d 782 (1993)
The PEOPLE of the State of Colorado, Complainant,
v.
Samuel Nathan CRIMALDI, Attorney-Respondent.
Nos. 91SA212, 92SA40.
Supreme Court of Colorado, En Banc.
April 26, 1993.
Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.
Samuel Nathan Crimaldi, Greeley, pro se.
PER CURIAM.
We have consolidated these two attorney disciplinary proceedings for the purpose of one opinion and order. Following the respondent's default in No. 91SA212, a hearing panel of the Supreme Court Grievance Committee approved the findings and recommendation of a hearing board that the respondent be suspended from the practice of law for a period of one year and one day, be ordered to pay restitution to former clients, and be assessed costs. In No. 92SA40, a proceeding involving separate charges of professional misconduct and in which the respondent again defaulted, the hearing panel approved the findings and recommendation of a second hearing board that the respondent be suspended for two years, pay restitution, return certain client records, and be assessed costs.
On April 2, 1992, we stayed both proceedings and remanded them to the grievance committee for a determination of whether the respondent was capable of defending himself. On remand, the hearing panel approved the findings and recommendation of a third hearing board that the respondent was competent to proceed and that the stays entered in both proceedings be lifted. We accept the recommendations of the hearing panel, order that the respondent be *783 suspended for three years, pay restitution and return client records or property as found by the hearing boards and panel, and be assessed the combined costs of these proceedings.

I.
The respondent was admitted to the bar of this court on June 27, 1983, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). The respondent was suspended on May 4, 1990, pursuant to C.R.C.P. 260.6(10) (failure to comply with mandatory continuing legal education requirements may result in summary suspension). He was subsequently suspended under C.R.C.P. 227(A)(4)(a) for failure to pay the attorney registration fee or for failure to file a registration statement or supplement, on October 5, 1990. Moreover, by opinion dated January 28, 1991, the respondent was suspended from the practice of law for sixty days for professional misconduct, see People v. Crimaldi, 804 P.2d 863 (Colo.1991), and he has not been reinstated. On November 21, 1991, the respondent was transferred to disability inactive status.[1]

II.

No. 91SA212
The complaint filed by the assistant disciplinary counsel in No. 91SA212 contained three counts. The respondent did not answer the complaint, and the allegations of fact contained in the complaint were deemed admitted because of the entry of a default. C.R.C.P. 241.13(b); Crimaldi, 804 P.2d at 864. Based on the complaint and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

A.
James and Janet Alexander retained the respondent in 1989 to prepare wills, trusts, and powers of attorney. They paid the respondent a $300 retainer. About thirty days later, the respondent submitted incomplete drafts of the wills and powers of attorney to James Alexander, and stated that he would finalize the documents and contact the Alexanders when they were completed. The respondent also represented that he would complete the trusts by August 10, 1989. In fact, the respondent did not complete the documents. The Alexanders made numerous unsuccessful attempts to contact the respondent. On June 7, 1990, the respondent left the Alexanders a note explaining that the documents were complete and that he would call that day to make an appointment with them. The respondent did not call.
As the hearing board concluded, the respondent's conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 2-110(A)(3) (a lawyer who withdraws from employment shall refund promptly any paid but unearned fees); DR 6-101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available *784 means); and DR 7-101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client).

B.
On July 27, 1990, the respondent appeared before the Larimer County District Court and represented to the judge that he had not been suspended from the practice of law for failing to satisfy continuing legal education requirements. The respondent in fact had been suspended and had been sent three or four notices to that effect. The respondent appeared in at least two other Larimer County cases on behalf of clients while suspended.
The respondent's conduct violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 3-101(B) (a lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction); and DR 7-102(A)(5) (in representing a client, a lawyer shall not knowingly make a false statement of law or fact). See also C.R.C.P. 241.21(b)-(d) (steps which a lawyer must take after being suspended).

C.
The respondent's failure to respond to the requests for investigation sent to him with respect to the foregoing matters violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes grounds for lawyer discipline).

III.

No. 92SA40
The respondent also defaulted in No. 92SA40. Based on the default and exhibits tendered by the assistant disciplinary counsel, the hearing board determined that the following facts had been established by clear and convincing evidence.

A.
In July and August, 1990, after being suspended for failure to comply with continuing legal education requirements, the respondent contacted the director and legal counsel for the Downtown Business Association of Fort Collins (DBA). The respondent stated that he was representing a client in a breach of contract matter against the DBA, he requested certain documents relating to the matter, and discussed his client's claims. As the hearing board concluded, the respondent's conduct violated DR 3-101(B) (practicing law in a jurisdiction in violation of regulations of the profession in that jurisdiction).

B.
In August 1990, while under suspension, the respondent agreed to appear and file an answer in a civil action that had been filed against Ronald Joseph Augustine (Augustine). Augustine paid the respondent a $20 filing fee. On or about August 30, 1990, the respondent told Augustine that he had filed the answer.
The respondent had not filed the answer. Consequently, on August 31, 1990, a default hearing was held and a judgment of $2,843.45 was entered against Augustine on September 28, 1990. The respondent's conduct violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 3-101(B) (practicing law in a jurisdiction in violation of regulations of the profession in that jurisdiction); DR 6-101(A)(3) (neglect of a legal matter entrusted to him); DR 7-101(A)(1) (failure to seek the lawful objectives of the client through reasonably available means); DR 7-101(A)(2) (failure to carry out a contract of employment); and DR 7-101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship).

C.
On September 30, 1990, Augustine gave the respondent a complaint that had been served upon him in another matter involving a failed partnership. The respondent *785 agreed to file an answer and contact the plaintiffs on Augustine's behalf. Augustine paid the respondent a $20 filing fee and a $100 retainer.
When the respondent and Augustine discussed the matter, which was to be arbitrated, the respondent assured Augustine, who was moving to Iowa, that he would handle the arbitration himself in Augustine's absence. However, because the respondent did not file the required disclosure certificate, the arbitrator ruled that no evidence would be allowed from the respondent. As a result, the arbitrator's decision awarded the plaintiffs $7,635.44, and assessed costs including the entire $300 cost of arbitration against Augustine.
The hearing board correctly determined that the respondent's conduct violated DR 1-102(A)(4), DR 3-101(B), DR 6-101(A)(3), and DR 7-101(A)(1)-(3).

D.
Finally, in November 1990, Augustine paid the respondent $200 to prepare and file his 1989 income tax returns. The respondent told Augustine that he would file the documents by December 1990, and that another named attorney would assist him. When Augustine contacted the other attorney in February 1991, however, that attorney knew nothing of the tax matter and did not have Augustine's file. Augustine has been unable to locate either the respondent or his file and as a result was not able to file his income tax returns. As the board found, the respondent's conduct violated DR 1-102(A)(4), DR 3-101(B), DR 6-101(A)(3), and DR 7-101(A)(1)-(3).

IV.
The hearing panel in No. 91SA212 recommended that the respondent be suspended for one year and one day; the panel in No. 92SA40 recommended a two-year suspension. The assistant disciplinary counsel has not excepted to either recommendation. Recommendations of the grievance committee as to the proper disciplinary sanction are advisory only. People v. Raubolt, 831 P.2d 462, 464 (Colo.1992). Given the magnitude of the respondent's neglect of legal matters, his misrepresentations to clients, his abandonment of clients; and given what can only be characterized as a "complete indifference to, and disregard of" the substance of these disciplinary proceedings, Crimaldi, 804 P.2d at 865, it is a close question whether a long period of suspension would be a sufficient sanction.
Under the American Bar Association's Standards for Imposing Lawyer Sanctions (1986 & Supp.1992) (ABA Standards), in the absence of aggravating or mitigating factors, disbarment is generally appropriate when:
(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or
(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or
(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.
ABA Standards 4.41. See, e.g., People v. Williams, 845 P.2d 1150 (Colo.1993) (lawyer disbarred after abandoning practice); People v. Southern, 832 P.2d 946 (Colo.1992) (lawyer disbarred for inaction in legal matters entrusted to him, for abandonment of a number of clients, and where the lawyer had been previously suspended for six months). On the other hand, suspension is generally appropriate when:
(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.
ABA Standards 4.42. See, e.g., Raubolt, 831 P.2d 462 (Colo.1992) (neglect, dishonesty, and misrepresentation in client matters over period of years, abandonment of clients, and complete disregard of proceedings before grievance committee and supreme court warranted three-year suspension); People v. Anderson, 828 P.2d 228 (Colo.1992) (inclusion of false claim for damages in complaint, failure to prepare *786 case over two-year period, being intoxicated at settlement conference, failure to notify disciplinary counsel of driving while ability impaired conviction, and failure to file complaint while telling clients that settlement is imminent, warrants three-year suspension); People v. Anderson, 817 P.2d 1035 (Colo.1991) (attorney's misconduct in failing to respond to discovery requests, in leaving practice without properly withdrawing from cases or filing change of address, in failing to timely prepare a written judgment, and in failing to prevent dismissal of case for failure to prosecute, was mitigated by absence of significant history of discipline and warranted three-year suspension); People v. Hellewell, 811 P.2d 386 (Colo.1991) (extensive pattern of neglect and intentional deception in client matters warrants three-year suspension); People v. Dash, 811 P.2d 36 (Colo.1991) (three-year suspension was appropriate where attorney's misconduct involved an extensive and longstanding pattern of neglect and misrepresentation in client matters and grievance proceedings, but was mitigated by emotional problems and absence of prior discipline).
The hearing boards found a number of factors in aggravation: (1) a prior disciplinary record, ABA Standards 9.22(a); (2) a dishonest and selfish motive on the part of the respondent, id. at 9.22(b); (3) a pattern of misconduct, id. at 9.22(c); (4) multiple offenses, id. at 9.22(d); (5) bad faith obstruction of the disciplinary proceedings by failure to comply with the rules and orders of the grievance committee, id. at 9.22(e); (6) refusal to acknowledge the wrongful nature of conduct, id. at 9.22(g); and (7) indifference to making restitution, id. at 9.22(j). The respondent did not answer the complaints or submit any evidence and the first two hearing boards found no factors in mitigation. Evidence submitted to the third hearing board after the respondent was transferred to disability inactive status, however, suggests the existence of personal or emotional problems, ABA Standards 9.32(c); and a physical or mental disability or impairment, ABA Standards 9.32(h) (1986).
We suspended the respondent in 1991 for sixty days for similar misconduct, Crimaldi, 804 P.2d 863, and he remains suspended. Our prior cases would support either a long period of suspension or disbarment in this case. Given the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommendations of the hearing panel and impose a period of suspension rather than disbarment. Accordingly, we order that the respondent be suspended for three years, the maximum period permitted by our rules.

V.
It is hereby ordered that Samuel Nathan Crimaldi be suspended from the practice of law for three years, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that, prior to seeking reinstatement, Crimaldi shall make restitution in the amount of $300, plus statutory interest from August 10, 1989, until paid, to James and Janet Alexander; and, Crimaldi shall make restitution in the amount of $300, plus statutory interest from November 30, 1990, until paid, to Ronald Joseph Augustine. It is further ordered that, prior to seeking reinstatement, Crimaldi shall also return all records or other property in his possession belonging to Augustine. It is also ordered that Crimaldi shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)-(d) and that Crimaldi pay the combined costs of these proceedings in the amount of $467.03 within ninety days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500-S, Dominion Plaza, Denver, Colorado 80202.
NOTES
[1] The respondent sent a letter postmarked October 15, 1990, to the grievance committee. At least by implication, the letter "allege[d] disability by reason of physical, mental or emotional infirmity or illness, including addiction to drugs or intoxicants, that impair[ed] [the lawyer's] ability to defend himself adequately in [grievance] proceedings...." C.R.C.P. 241.19(d). A letter from the respondent raising similar concerns was received by the committee in No. 92SA40. This court entered an order transferring the respondent to disability inactive status, ordered that the proceedings be stayed and that a medical examination of the respondent be conducted, and remanded the proceedings to the grievance committee. Based upon the report and the opinion of the respondent's treating physician, the board found that "the respondent is capable of understanding the charges and assisting in his defense, and is therefore, competent to proceed in the pending matters." The hearing panel approved the board's recommendation that the stays be lifted and the proceedings against the respondent resumed. We conclude that the board's and panel's findings and recommendation are fully supported by the record.