The PEOPLE of the State of Colorado, Complainant,

v.

Andrew J. REGAN, Attorney–Respondent.

No. 94SA15.

Supreme Court of Colorado,
En Banc.

April 4, 1994.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

Andrew J. Regan, pro se.

PER CURIAM.

 Andrew J. Regan, the respondent in this attorney disciplinary proceeding,[1] did not answer the formal complaint filed by the assistant disciplinary counsel and did not appear before a hearing board, although he has appeared in this court. The hearing board determined that Regan had violated the Code of Professional Responsibility and recommended that he be suspended for one year and that he pay restitution, interest, and costs. A hearing panel of the Supreme Court Grievance Committee approved the board's findings and recommendation. Neither the assistant disciplinary counsel nor the respondent has excepted to the panel's recommendation. The seriousness of the respondent's misconduct would ordinarily warrant more severe discipline than a one-year suspension. Given the special circumstances present in this case, however, we accept the panel's recommendation.

I

 Since the respondent did not answer the complaint, the allegations of fact contained in the complaint were deemed admitted because of the entry of a default. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). Based on the complaint, and exhibits tendered by the assistant disciplinary counsel at the hearing, the hearing board found that the following facts had been established by clear and convincing evidence.

Vickie A. Yates retained the respondent to represent her in post-dissolution matters involving visitation and custody. The lawyer for John Lausser, Yates's former spouse, mailed interrogatories to the respondent on November 16, 1989. Although Yates returned the interrogatories to the respondent within the thirty-day deadline, the respondent did not send the answers to the interrogatories to opposing counsel until January 18, 1990. As a result, the court awarded Lausser's lawyer $369.85 in attorney fees and costs. Acknowledging his fault in providing the late discovery, the respondent agreed to personally pay the attorney fees and costs. The respondent subsequently paid opposing counsel $234.55, but failed to pay the balance. As a result, Yates's wages were garnished in the amount of $249.35.

Lausser filed a motion to modify custody and for a custody evaluation on October 5, 1989. On March 1, 1990, Lausser filed a lengthy supporting affidavit alleging inappropriate behavior on the part of Yates with respect to the children. The respondent did not provide Yates with a copy of the motion or file a response to the motion. Yates therefore did not have an opportunity to respond to the motion or to contest the allegations in the motion or supporting affidavit, and the trial court ordered that a custody evaluation be performed. That court also found Lausser's supporting affidavit suffi-

---

1. The respondent was admitted to the bar of this court on November 1, 1985, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. C.R.C.P. 241.1(b). The respondent was suspended from the practice of law for one year and one day by order dated June 22, 1992, *People v. Regan*, 831 P.2d 893 (Colo.1992), and he remains suspended under that order.

cient to schedule a hearing on the motion to modify custody.

Following a two-day custody hearing in late September 1990, the court awarded sole custody of the children to Lausser. Yates was granted only minimal visitation rights. The court subsequently ordered Yates to pay child support in the amount of $378 per month. The respondent did not send Yates a copy of the written order outlining her visitation rights or the child support order. Moreover, the respondent failed to advise Yates of her option to obtain a supplemental custody evaluation. See § 14–10–127, 6B C.R.S. (1993 Supp.).

In December 1990, Yates requested the respondent to withdraw from the case. The respondent, however, failed to take any steps to withdraw, and in June 1991, he appeared at a hearing to modify Yates's child support obligations to include child care costs. Yates was not aware of the hearing, and did not know that Lausser had filed the motion to modify since she discharged the respondent in December 1990. The respondent did not send the motion directly to Yates and did not communicate with her regarding the motion or hearing.

At the June 1991 hearing, the respondent, purportedly appearing on Yates's behalf, asked for a continuance and misrepresented to the court that he had been unable to locate or contact Yates. The court denied the motion for continuance, the matter proceeded to hearing, and the court raised Yates's child support obligation from $378 to $442 per month, retroactive to April 1, 1991, to pay for existing child care expenses.

In the Yates matter, the respondent failed to promptly respond to discovery requests, failed to inform his client of the progress of the case after the custody hearing, failed to withdraw as requested, did not advise Yates of the child support modification hearing, and misrepresented to the court that he was unable to contact Yates.

The hearing board found that the respondent's conduct violated DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship); DR 2–110(B)(4) (a lawyer shall withdraw from employment if discharged by the client); and DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

As a result of the respondent's misconduct, Yates was damaged by the assessment of attorney fees, costs and interest against her because the respondent failed to comply with the discovery request. Yates's child support obligations were increased, and the court ordered a custody evaluation based solely on Lausser's affidavit since Yates did not file an affidavit in rebuttal.

In addition, because the respondent failed to respond to the request for investigation filed in the Yates matter, despite repeated reminders to do so, he violated C.R.C.P. 241.-6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline).

## II

The assistant disciplinary counsel asked the hearing board to recommend that the respondent be disbarred. The hearing board concluded, however, that disbarment was too severe a sanction. The hearing panel approved the board's recommendation that the respondent be suspended for one year, be ordered to pay restitution, and be assessed costs. The assistant disciplinary counsel did not object to the board's findings or recommendation, and has not excepted to the panel's recommendation before this court. While the respondent defaulted before the board, he has appeared in this court and has elected not to file exceptions to the panel's findings and recommendation.

Recommendations of the grievance committee as to the proper disciplinary sanc-

tion are advisory only. *People v. Raubolt,* 831 P.2d 462, 464 (Colo.1992). Ordinarily, we would find a one-year suspension too lenient for the misconduct described above, and we would issue a rule to show cause why a more severe sanction should not be imposed. The American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986 & Supp. 1992) (ABA *Standards* ) provides that in the absence of aggravating or mitigating factors, suspension is an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42. *See, e.g., People v. Crimaldi,* 854 P.2d 782 (Colo.1993) (extensive pattern of neglect, making misrepresentations to clients, appearing on behalf of clients while suspended, misrepresenting suspended status to judge, and failing to respond to requests for investigation, warrants three-year suspension rather than disbarment); *Raubolt,* 831 P.2d 462 (Colo.1992) (neglect, dishonesty, and misrepresentation in client matters over period of years, abandonment of clients, and complete disregard of proceedings before grievance committee and supreme court warranted three-year suspension); *People v. Anderson,* 828 P.2d 228 (Colo.1992) (inclusion of false claim for damages in complaint, failure to prepare case over two-year period, being intoxicated at settlement conference, failure to notify disciplinary counsel of driving while ability impaired conviction, and failure to file complaint while telling clients that settlement is imminent, warrants three-year suspension); *People v. Anderson,* 817 P.2d 1035 (Colo.1991) (attorney's misconduct in failing to respond to discovery requests, in leaving practice without properly withdrawing from cases or filing change of address, in failing to timely prepare a written judgment, and in failing to prevent dismissal of case for failure to prosecute, was mitigated by absence of significant history of discipline and warranted three-year suspension); *People v. Hellewell,* 811 P.2d 386 (Colo.1991) (extensive pattern of neglect and intentional deception in client matters warrants three-year suspen-

sion); *People v. Dash,* 811 P.2d 36 (Colo. 1991) (three-year suspension was appropriate where attorney's misconduct involved an extensive and longstanding pattern of neglect and misrepresentation in client matters and grievance proceedings, but was mitigated by emotional problems and absence of prior discipline).

■ On the other hand, disbarment is generally warranted when:

> (a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

> (b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

> (c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Williams,* 845 P.2d 1150 (Colo.1993) (disbarment warranted when lawyer neglects legal matter, fails to return client's retainer, evades service of process, fails to respond to request for investigation, and abandons practice); *People v. Southern,* 832 P.2d 946 (Colo. 1992) (lawyer disbarred for inaction in legal matters entrusted to him, for abandonment of a number of clients, and where the lawyer had been previously suspended for six months). The hearing board did not find, and the record does not reflect, that the respondent abandoned Yates. Nor did the board determine whether Yates's injuries were "serious" under ABA *Standards* 4.41.

The respondent was suspended from the practice of law for one year and one day by order dated June 22, 1992, *People v. Regan,* 831 P.2d 893 (Colo.1992), for misconduct similar to that in this case, and he remains suspended under that order. The hearing board expressly found that instances of misconduct for which suspension was previously imposed in 1992, and the disciplinary violations in the present case, occurred during the same time period. Moreover, the board concluded that "[t]he misconduct in the present

matter was not included in the prior complaint against the respondent due to differences in the filing dates of the requests for investigation of the respondent and the vagaries of the docketing process; but was, however, part of a continuing pattern of misconduct."

■ The board therefore treated the respondent's previous suspension as evidencing a pattern of misconduct under ABA *Standards* 9.22(c), rather than prior discipline under Standard 9.22(a). *See People v. Williams*, 845 P.2d 1150, 1152 n. 3 (Colo. 1993). Had the respondent engaged in the instant misconduct after being disciplined in 1992, there would be no question that disbarment would be appropriate. *See* ABA *Standards* 8.1(b) (disbarment warranted when attorney has previously been suspended for similar misconduct). The board found the following additional factors in aggravation: a dishonest and selfish motive on the part of the respondent, *id.* at 9.22(b); multiple offenses, *id.* at 9.22(d); and a refusal to acknowledge the wrongful nature of conduct, *id.* at 9.22(g).

Although the respondent did not submit evidence in mitigation in this proceeding, the board took judicial notice that the respondent was suffering from personal and emotional problems which contributed to the disciplinary violations in *People v. Regan*, 831 P.2d 893 (Colo.1992), and that the misconduct in this case took place during the same time period.

Our prior cases would support either a long period of suspension or disbarment in this case. *See Crimaldi*, 854 P.2d at 786. As in *Crimaldi*, however, "[g]iven the abbreviated record in these default proceedings, and the facts and circumstances of this particular case, we elect to follow the recommen-

dations of the hearing panel and impose a period of suspension rather than disbarment." *Id.* Although a one-year suspension by itself would be inadequate, the respondent was suspended effective July 1992, and he remains suspended. Before he may be reinstated, he must comply with the provisions of C.R.C.P. 241.22(b)-(d), *Regan*, 831 P.2d at 897, and must establish by clear and convincing evidence that he has been rehabilitated. C.R.C.P. 241.22(b).

Had the misconduct in this case and in the previous case been considered together as a pattern, a single long period of suspension would have been appropriate. *Crimaldi*, 854 P.2d at 796; *Raubolt*, 831 P.2d at 464–65. The practical effect of imposing an additional one-year suspension in this case will be to convert the 1992 suspension to a suspension of almost three years before the respondent may seek reinstatement. We therefore accept the hearing panel's recommendation.

### III

■ It is hereby ordered that Andrew J. Regan be suspended from the practice of law for one year, commencing immediately upon the date of this opinion. It is further ordered that prior to, and as a condition of, reinstatement, the respondent make restitution in the amount of $249.35 to Vickie A. Yates, plus statutory interest from January 31, 1990.[2] It is further ordered that Regan pay the costs of this proceeding in the amount of $207.07 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202.

2. In his election not to file exceptions, the respondent states that he "hopes to satisfy the costs and sanctions assessed against him in this and earlier proceedings quickly." The respondent also asserts that "[n]othing in this Election is intended as a waiver of the affirmative defense of bankruptcy in any action to collect the costs and sanctions assessed against the Respondent." *But*

*see People v. Sullivan*, 802 P.2d 1091, 1096 (Colo. 1990) (imposing order of restitution as a condition of reinstatement notwithstanding fact that basis of restitution was a claim in previous bankruptcy proceeding; primary reason for restitution requirement was for respondent to demonstrate rehabilitation prior to reinstatement).