**The PEOPLE of the State of Colorado, Complainant,**

v.

**Ashley Irving ANDERSON, Attorney–Respondent.**

**No. 91SA210.**

Supreme Court of Colorado, En Banc.

Oct. 7, 1991.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

**PER CURIAM.**

The hearing panel of the Supreme Court Grievance Committee accepted the recommendation of the hearing board that the respondent in this disciplinary proceeding be disbarred and pay restitution and costs. We conclude that disbarment would be unduly harsh given the particular circumstances and the absence of a significant prior history of discipline. We therefore reject the recommendation of the hearing panel and we order that the respondent be suspended from the practice of law for three years, make restitution as provided in the findings and recommendation of the hearing board, and pay the costs of this proceeding.

## I

The respondent was admitted to the bar of this court on September 26, 1973, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The complaint filed by the assistant disciplinary counsel alleged four counts of misconduct. Based upon an unconditional stipulation of facts entered into between the respondent and the assistant disciplinary counsel, and the testimony of an attorney for one of the respondent's former clients, the hearing board found that the following facts were established by clear and convincing evidence.

Counts I and III of the complaint charged the respondent in two separate cases with failing to respond to interrogatories and requests for production of documents filed by attorneys for the plaintiffs. When the respondent did not comply with either the original discovery requests or the district judges' orders to respond, the plaintiff's attorney in each case moved for the imposition of sanctions. In the interim, the respondent had left his practice in Aspen, Colorado, and moved to Kansas, without properly withdrawing from either case or filing a change of address.

The respondent stipulated, and we agree, that his conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 2–110(A)(1) (if permission for withdrawal is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before a tribunal without its permission); and DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him).

In Count II, the hearing board found that the respondent was ordered by the district court on February 11, 1987, to prepare a written judgment in favor of his client.

After the respondent failed to prepare the judgment, the district court ordered that the case would be dismissed on January 7, 1988, unless cause was shown why it should not be dismissed. The respondent finally mailed a one-page proposed judgment to the court on January 4, 1988, which was signed by the court. The respondent admitted, and the hearing board found, that the respondent's conduct again violated DR 1–102(A)(5) and DR 6–101(A)(3).

In the fourth count, the hearing board concluded that the respondent agreed to become successor counsel for Thomas Barry, the plaintiff in a personal injury case. Barry's former counsel delivered Barry's file to the respondent, but failed to withdraw from the case. The respondent did not enter an appearance, and the district court dismissed the case for failure to prosecute. The respondent was aware of the pending dismissal, but did nothing to prevent it.

Barry's present attorney testified before the hearing board that there had been an outstanding settlement offer for $35,000 that Barry had not been informed of. On August 9, 1989, a default judgment was entered in federal district court in Barry's malpractice action against the respondent for $35,000 and interest. Although he promised to pay the judgment, the respondent subsequently sought protection from the United States Bankruptcy Court in Kansas City. The respondent's conduct violated DR 6–101(A)(3), as well as DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule) and C.R.C.P. 241.6(1) (any act or omission violating the provisions of the Code of Professional Responsibility is grounds for attorney discipline).

## II

The hearing panel has recommended that the respondent be disbarred for his misconduct. While we accord great weight to the recommendations of the grievance committee, the ultimate responsibility for determining the proper level of discipline rests with this court. *People v. Brown,* 726 P.2d 638, 640 (Colo.1986). In analyzing the level of discipline, we have found persuasive the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*). In the absence of aggravating or mitigating factors, suspension is generally an appropriate sanction when "(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *ABA Standards* 4.42. When the injury or potential injury is serious, disbarment may be warranted. *Id.* at 4.41. Either standard arguably applies under the present facts.

We are persuaded that the factors in mitigation point toward a long period of suspension rather than disbarment. Although there is certainly a pattern of misconduct and neglect in this case, the pattern is confined to a relatively recent period of time. With the exception of a letter of admonition in 1983, the respondent practiced law for fifteen years without a blemish until the present misconduct. The respondent has also exhibited remorse for his misconduct and has cooperated with the grievance committee. We therefore reject the recommendation of the hearing panel that the respondent be disbarred and order that he be suspended for three years and pay restitution plus costs. Two members of the court, however, would disbar the respondent.

## III

It is ordered that Ashley Irving Anderson be suspended from the practice of law for three years, effective immediately upon the issuance of this opinion. C.R.C.P. 241.21(a). Anderson shall not be reinstated until after he has complied with C.R.C.P. 241.22(c) & (d). It is further ordered that, prior to seeking reinstatement, Anderson pay restitution plus statutory interest as set forth in the findings of fact and recommendation of the hearing board. In addition, it is ordered that Anderson pay the costs of this proceeding in the amount of $202.56 within thirty days after the announcement of this opinion to the Supreme

Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

LOHR, J., does not participate.