**The PEOPLE of the State of Colorado, Complainant,**

v.

**John Dean HINDORFF, Attorney–Respondent.**

**No. 93SA231.**

Supreme Court of Colorado,
En Banc.

Oct. 25, 1993.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Asst. Disciplinary Counsel, Denver, for complainant.

John Dean Hindorff, pro se.

PER CURIAM.

The assistant disciplinary counsel and the respondent[1] in this attorney discipline proceeding have entered into a stipulation, agreement, and conditional admission of misconduct. *See* C.R.C.P. 241.18. The stipulation requested that the respondent be suspended from the practice of law for a period ranging from six months to one year and one day. An inquiry panel of the Supreme Court Grievance Committee approved the stipulation and agreement and recommended that the respondent be suspended for one year and one day. We accept the stipulation and agreement, and the recommendation of the inquiry panel, and order that the respondent be suspended for a year and a day and be assessed costs.

I.

The respondent and the assistant disciplinary counsel stipulated to the following facts and violations of the Code of Professional Responsibility.

Beginning in 1987, the respondent represented Shirley and Ray Olander in the sale of Carousel Car Wash to Leroy Chambers. On August 28, 1989, Chambers filed an action against the Olanders for breach of contract, misrepresentation, rescission, and willful misconduct in the sale of the car

---

1. The respondent was admitted to the bar of this court on October 31, 1983, is registered as an attorney upon this court's official records, and is subject to the jurisdiction of this court and its grievance committee in these proceedings. *See* C.R.C.P. 241.1(b).

wash. After the respondent filed an answer for the Olanders, Chambers's lawyer served the respondent with interrogatories and requests for production of documents. A response to the discovery requests was due on January 15, 1990.

The respondent did not answer the discovery requests, although Chambers's lawyer reminded the respondent in writing that his responses were past due and that, if he did not hear from the respondent in ten days, he would file a motion to compel. The respondent did not acknowledge the correspondence, and a motion to compel was filed on April 20, 1990. The court granted the motion and ordered that complete discovery be submitted within ten days. The respondent did not comply.

Chambers's lawyer filed a motion for sanctions which was granted in July 1990. The court ordered that the Olanders' answer be stricken and that judgment on liability be entered against the Olanders. The respondent was ordered to pay $209 in attorney's fees.

On July 11, 1990, Chambers's lawyer wrote to the respondent, asking if the Olanders would be interested in a settlement agreement. Prior to September 28, 1990, the respondent entered into a stipulation with Chambers's lawyer consenting to judgment against the Olanders in the amount of $173,003.84. The respondent had no express authority to enter into this stipulation for judgment.

The respondent and assistant disciplinary counsel have stipulated that it was the respondent's belief that his clients would soon be filing for bankruptcy, and the respondent states that he was acting under their "implied authority" after they had advised him to "do whatever you need to do" in the case. The Olanders learned of this stipulation and the entry of judgment against them for the first time when their bank account was garnished.

The respondent advised the Olanders to file for bankruptcy protection under Chapter 13, and the respondent filed the bankruptcy petition on November 21, 1990. The filing was incomplete, however, and the respondent did not file a proposed bankruptcy plan. On January 11, 1991, a motion to dismiss the bankruptcy proceeding was filed and a copy of the motion was sent to the Olanders. The Olanders obtained another lawyer to represent them and on January 29, 1991, the Olanders' new lawyer wrote a letter to the respondent describing the respondent's neglect of the Olander case. The lawyer also filed a motion to set aside the stipulation and judgment as well as the earlier sanctions against the Olanders. On May 8, 1991, the court granted the motion as to the monetary judgment, but refused to set aside the order imposing liability and attorney's fees.

The respondent neglected a legal matter; failed to communicate adequately with his clients, opposing counsel, and the court; and he entered into a stipulation without client authority. As the respondent has admitted, his conduct violated DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to the lawyer); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of the lawyer's client through reasonably available means); and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage the lawyer's client during the course of the professional relationship).

## II.

The parties have agreed in the stipulation that suspension is the appropriate disciplinary sanction. The respondent has consented to a suspension ranging from six months to one year and one day. In approving the stipulation, the inquiry panel recommended suspension for one year and one day.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of aggravating or mitigating factors, disbarment is generally appropriate when

(b) a lawyer knowingly fails to perform services for a client and causes

serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. On the other hand, suspension is generally appropriate when

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA *Standards* 4.42. *See, e.g., People v. Anderson,* 817 P.2d 1035 (Colo.1991) (attorney's misconduct in failing to respond to discovery requests, in leaving practice without properly withdrawing from cases or filing change of address, in failing to timely prepare a written judgment, and in failing to prevent dismissal of case for failure to prosecute, was mitigated by absence of significant history of discipline and warranted three-year suspension). Either standard could arguably apply, but, given the fact that the respondent has no prior discipline, we find that a period of suspension is more appropriate. Nevertheless, it is troublesome that the record before us contains no reasonable explanation for the respondent's conduct, and we conclude that a short period of suspension is unduly lenient. Accordingly, we accept the stipulation and agreement, and the recommendation of the inquiry panel.

### III.

It is hereby ordered that John Dean Hindorff be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. C.R.C.P. 241.21(a). It is further ordered that Hindorff pay the costs of this proceeding in the amount of $311.58 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Dominion Plaza, Denver, Colorado 80202. Hindorff shall not be reinstated until after he has complied with C.R.C.P. 241.22(b)–(d).

